■ In the Matter of ALLEN AUSTIN, Respondent, v RONDA AUSTIN, Appellant. [678 NYS2d 230] —Order unanimously reversed on the law without costs and matter remitted to Steuben County Family Court for further proceedings in accordance with the following Memorandum: Petitioner commenced this proceeding seeking custody of the two minor children of the parties after respondent had moved with the children to Pennsylvania. Following a brief hearing, at which only the parties testified, Family Court granted custody to respondent on the condition that she move back to New York within 90 days of the order; otherwise, custody would be granted to petitioner. The court failed to explain its reasoning and made no findings of fact to support the determination. Respondent appeals.

The court erred in failing "to set forth those facts essential to its decision" (*Matter of Graci v Graci*, 187 AD2d 970, 971). "Effective appellate review, whatever the case but especially in child visitation, custody or neglect proceedings, requires that appropriate factual findings be made by the trial court—the court best able to measure the credibility of the witnesses" (*Matter of Jose L. I.*, 46 NY2d 1024, 1026). Moreover, the record is not sufficient to enable this Court to make the requisite

findings of fact (*cf., Cohen v Krantz*, 227 AD2d 581, 582; *Matter of Guzzey v Titus*, 220 AD2d 976, *lv denied* 87 NY2d 807). Consequently, the matter must be remitted to Steuben County Family Court for a new hearing (*see, Matter of Miller v Miller*, 220 AD2d 133, 137) before a different Judge. The focus of that hearing must be the best interests of the children, and the court must consider the relevant factors that traditionally affect the best interests of the children (*see, Matter of Tropea v Tropea*, 87 NY2d 727, 741; *Eschbach v Eschbach*, 56 NY2d 167, 171; *Matter of Graci v Graci, supra*). In order to determine the relative fitness of the parties, the court should have the benefit of investigative studies of the parties' living situations and, if possible, the opinions of "teachers, counselors, psychologists or other experts" (*Fox v Fox*, 177 AD2d 209, 211). In light of our decision, we do not reach the alternative argument of respondent that she was denied effective assistance of counsel. (Appeal from Order of Steuben County Family Court, Purple, Jr., J.—Custody.) Present—Green, J. P., Lawton, Hayes, Pigott, Jr., and Callahan, JJ.