■ In the Matter of JEREMY J.A., Respondent, v CARLEY A., Appellant. [851 NYS2d 751]—

Appeal from an order of the Family Court, Chautauqua County (Judith S. Claire, J.), entered August 31, 2006 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, awarded petitioner primary physical custody of the parties' children.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent mother contends on appeal that Family Court erred in determining that petitioner father made the requisite showing of a change of circumstances to warrant modification of the existing custody arrangement and in awarding primary physical custody of the parties' children to the father. We reject that contention.

" 'It is well established that alteration of an established custody arrangement will be ordered only upon a showing of a change in circumstances which reflects a real need for change to ensure the best interest[s] of the child' " (*Matter of Amy L.M. v Kevin M.M.*, 31 AD3d 1224, 1225 [2006]). The record establishes that, before the father was awarded temporary physical custody of the children, an incident of domestic violence between the mother and her boyfriend occurred in the presence of the children, following which the mother took an overdose of drugs. That incident, along with other incidents of inappropriate and neglectful behavior on the mother's part, resulted in the commencement of a neglect proceeding against the mother, and the mother admitted the allegations in the neglect petition. We thus conclude that the father made the requisite evidentiary showing of a change in circumstances (*see Matter of Maher v Maher*, 1 AD3d 987, 988 [2003]), and we further conclude that the court's determination that it was in the best interests of the children to award the father primary physical custody of the children has a sound and substantial basis in the record and should not be disturbed (*see Matter of Green v Mitchell*, 266 AD2d 884 [1999]). We have examined the mother's remaining contentions and conclude that they are without merit. Present—Scudder, P.J., Centra, Fahey, Green and Pine, JJ.