■ In the Matter of NORMAN WHITAKER, Respondent, v JOYCE A. MURRAY, Appellant. [855 NYS2d 288]—

Spain, J. Appeal from an order of the Family Court of Schenectady County (Powers, J.), entered October 25, 2006, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner (hereinafter the father) and respondent (hereinafter the mother), the parents of two children (born in 1986 and 1991), were divorced in 2003 pursuant to a judgment granting them joint custody of the children; the mother had physical custody of the younger child and the father had physical custody of the older child, with provisions for parenting time with the other parent. In June 2005, the father commenced this proceeding to modify the custody order requesting that he be given physical custody of the younger child (hereinafter the child) in light of her indication that she "want[ed] to live with [him]." A full fact-finding hearing was commenced in November 2005 and completed in January 2006 at which testimony was given by the father, the mother, the child's stepfather and the older child. A *Lincoln* hearing was also held.

It appears—based on information not in evidence—that in May 2006, with a decision still pending from Family Court, the child—just short of her 15th birthday—was discovered to be hiding at the father's house and refused to return home. Both parents eventually agreed to sign a handwritten agreement whereby the child would "live with her father[, provided that] no child support would be paid [by the mother] or action for support [commenced by the father]." Counsel for the mother then circulated a proposed consent order incorporating those terms; the Law Guardian, however, objected due to the father's

waiver of child support. It further appears that, without obtaining consent from the mother, the Law Guardian removed the objectionable provision and submitted his revised "consent" order to Family Court on notice, conditioned upon "no objections from the parties." While counsel for the mother objected, notifying the court that her client did not consent to its terms, the court—by apparent oversight—signed the revised order granting physical custody to the father. The mother then moved to reargue the modified order based upon her lack of consent. On the October 2006 return date both parents appeared with counsel, Family Court recognized its error and—after some discussion and conferring with counsel and the Law Guardian as to what had occurred since the completion of the fact-finding hearing—rendered a decision on the record, based upon "the totality of circumstances," granting physical custody to the father because it was in the child's best interests. No findings of fact were made and the mother now appeals.

Initially, the mother contends that Family Court should have dismissed the petition based upon its failure to allege facts sufficient to constitute a change in circumstances. However, as the father's pro se pleadings are to be liberally construed (see Family Ct Act § 165; CPLR 3026), we find that the court did not err in refusing to dismiss the petition.

Next, however, we must reverse and remit for Family Court to make findings of fact, including credibility determinations essential to its decision in order to permit effective appellate review. It is well established that an existing custody order will not be modified unless "a change of circumstances [is shown] indicating a real need to [do so] to further the best interests of the child" (Matter of Grant v Grant, 47 AD3d 1027, 1028 [2008]). In making this determination, an inquiry must be made "into the emotional, intellectual, physical, and social needs of the child, as well as the child's preferences" (Matter of O'Connor v Dyer, 18 AD3d 757, 757 [2005]). Family Court is required to set forth "the facts it deems essential" and upon which its determination is based (CPLR 4213 [b]; see Family Ct Act § 165 [a]), and while "a court need not set forth evidentiary facts, . . . it must state those ultimate facts essential to its decision" (Matter of Erika G., 289 AD2d 803, 804 [2001]; see Matter of Van Dyck v Van Dyck, 96 AD2d 629, 630 [1983]).

Here, Family Court—after hearing summary updates from the attorneys—granted the father's petition without any findings of fact. Although the evidence in this proceeding may ultimately support a finding of a sufficient change in circumstances, the court's decision from the bench without any factual

findings was deficient (*see Matter of Lewis v Johnson*, 302 AD2d 756, 757-758 [2003]; *cf. Matter of Titus v Guzzey*, 244 AD2d 684, 685 [1997], *appeal dismissed* 91 NY2d 921 [1998], *cert denied* 523 US 1139 [1998]). We decline to exercise our power to review the record given that factual findings and credibility determinations in a change of custody request, as here, are best made, in the first instance, by the trial court (*see Giordano v Giordano*, 93 AD2d 310, 311-312 [1983]; *see also Matter of Jose L.I.*, 46 NY2d 1024, 1026 [1979]; *Matter of Miller v Miller*, 220 AD2d 133, 136 [1996]; *cf. Matter of Valentine v Valentine*, 3 AD3d 646, 647 [2004]).

Accordingly, the order must be reversed and the matter remitted to Family Court for a decision which meets the standard set forth in CPLR 4213 (b). The court may, of course, accept a stipulated settlement or, if necessary, may hear additional relevant evidentiary proof concerning events subsequent to the fact-finding hearing. In the interim, physical custody should remain temporarily with the father until the parties' first appearance in Family Court.

Cardona, P.J., Mercure, Malone Jr. and Stein, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Schenectady County for further proceedings not inconsistent with this Court's decision, and, pending such further proceedings, temporary physical custody of the younger child shall remain with petitioner.