In the Matter of LINDA S., Appellant, v WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. [881 NYS2d 308]—

In a proceeding pursuant to Family Court Act article 6 for grandparent visitation, the petitioner maternal grandmother appeals, as limited by her brief, from so much of an order of the Family Court, Westchester County (Davidson, J.), entered October 9, 2008, as, without a hearing, dismissed the petition and denied that branch of her motion which was to remove the attorney for the children.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The petitioner commenced this proceeding against the Westchester County Department of Social Services (hereinafter the DSS), seeking visitation with her grandchildren. During the pendency of the proceeding, the adoption of the subject children by nonkinship foster parents became final. The Family Court properly determined that, since custody of the children had been permanently transferred from the DSS to the adoptive parents, the DSS was no longer a proper party to the proceeding (*see* Family Ct Act § 1081 [1]), requiring dismissal of the petition.

Contrary to the Family Court's conclusion, that branch of the petitioner's motion which was to remove the attorney for the children was not rendered academic by the completion of the adoption process, since it was still possible that the attorney would be required to represent the children in further proceedings relating to the petitioner's efforts to obtain visitation with

the subject children, including this appeal. The petitioner, however, failed to demonstrate that removal of the attorney for the children was warranted (*see Matter of Carballeira v Shumway,* 273 AD2d 753, 756 [2000]; *Matter of Forsyth v White,* 266 AD2d 743, 745 [1999]; *Matter of Dewey S.,* 175 AD2d 920, 921 [1991]) and, thus, that branch of the motion was properly denied.

The petitioner's remaining contentions are not properly before this Court. Prudenti, P.J., Miller, Covello and Austin, JJ., concur.