■■■ In the Matter of GREGORY BRADBURY, Appellant, v GENEVA MONAGHAN, Respondent. In the Matter of GENEVA MONAGHAN, Respondent, v GREGORY BRADBURY, Appellant. (Appeal No. 1.) [908 NYS2d 476]—

Appeal from an amended order of the Family Court, Onondaga County (George M. Raus, Jr., R.), entered June 11, 2009 in a proceeding pursuant to Family Court Act article 6. The amended order granted the parties joint legal custody.

It is hereby ordered that the amended order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Family Court, Onondaga County, for a hearing in accordance with the following memorandum: In appeal No. 1, petitioner father appeals from an amended order that, following a hearing, awarded the parties joint custody, with primary physical custody of the children to respondent mother and visitation to the father. We agree with the father that "Family Court erred in failing 'to set forth those facts essential to its decision' " (*Matter of Williams v Tucker*, 2 AD3d 1366, 1367 [2003], *lv denied* 2 NY3d 705 [2004]). "Effective appellate review, whatever the case but especially in child . . . custody . . . proceedings, requires that appropriate factual findings be made by the [hearing] court—the court best able to measure the credibility of the witnesses" (*Matter of Jose L.I.*, 46 NY2d 1024, 1026 [1979]; *see Matter of Austin v Austin*, 254 AD2d 703 [1998]).

Inasmuch as "the record is not sufficient to enable this Court to make the requisite findings of fact," the matter must be remitted to Family Court for a new hearing (*Austin,* 254 AD2d at 703-704; *see Matter of Miller v Miller,* 220 AD2d 133, 137 [1996]). "The focus of that hearing must be the best interests of the children" (*Austin,* 254 AD2d at 704).

In light of our determination with respect to appeal No. 1, we dismiss appeal No. 2 as moot. Present—Centra, J.P., Peradotto, Carni, Lindley and Sconiers, JJ.