█ In the Matter of CHRISTOPHER T., Respondent, v JESSICA U., Appellant. [933 NYS2d 446]—

Spain, J.P. █

The parties are the parents, never married, of two children, born in 2006 and 2007. In October 2007, they were awarded joint custody on consent, with respondent (hereinafter the mother) having residential custody and petitioner (hereinafter the father) awarded parenting time as the parties agree. In 2009, Family Court ordered a Family Ct Act § 1034 child protective investigation based upon allegations that the father engaged in acts of domestic violence against the mother; it was also alleged that the mother allowed her boyfriend around the children although he had been charged with rape in the third degree—and later pleaded guilty to endangering the welfare of a child—for having sexual relations in 2008 with a 15-year-old

girl when he was 22 years old.[1] While the Columbia County Department of Social Services (hereinafter DSS) conducted its investigation, the boyfriend vacated the mother's residence at the request of DSS; the mother and boyfriend were cooperative and also engaged in all recommended services, including attending parenting and anger management classes and submitting to a mental health evaluation. The boyfriend was also attending substance abuse counseling.

The mental health evaluation was completed by Jacqueline Bashkoff in August 2009 but, inexplicably, is not contained in the record before us. However, the Family Ct Act § 1034 investigation report dated April 12, 2010—which is contained in the record—reflects that Bashkoff "did not see any reason as to why [the boyfriend] could not return to [the mother's] home . . . Bashkoff found no evidence of any factors/variables that would put [the] children at risk . . . Bashkoff stated that [the boyfriend] is capable of supporting [the mother] with her parenting responsibilities."

Thereafter, the mother filed a family offense petition against the father after an incident at her workplace in March 2010. In April 2010, DSS determined, based upon the Family Ct Act § 1034 investigation, not to file a neglect petition against either parent. The father then filed the instant modification of custody petition, solely requesting that Family Court prohibit the boyfriend from having any contact with the children. After a brief combined fact-finding hearing on both petitions, at which only the parties and the boyfriend testified, Family Court dismissed the family offense petition finding that the mother had not proved that such an offense had been committed. Thereafter, by order entered in September 2010, the court granted the father's petition to modify the joint custody arrangement, and held that the "mother shall not allow [the boyfriend] to be present around the children." The mother now appeals.[2]

Although Family Court made no express threshold finding as to the existence of a change in circumstances since the 2007 consent order reflecting a need for reconsideration of the existing custody arrangement in order to insure the continued best interests of the children (*see Matter of Rue v Carpenter*, 69 AD3d 1238, 1239 [2010]), the record permits our doing so (*see Matter of Whitcomb v Seward*, 86 AD3d 741, 742 [2011]). Upon our independent review of the record, we find that the change in the mother's living arrangement with the boyfriend and the court

---

1. The boyfriend was not required to register as a sex offender.
2. The mother raises no issues with respect to the dismissal of the family offense petition.

order for a child protective investigation of the parents and boyfriend constituted the requisite change in circumstances.

However, the evidence in this sparse record does not provide a sound and substantial basis for Family Court's modification order effectively precluding all contact between the children and the mother's boyfriend. While the boyfriend's conviction and his admitted underlying conduct were certainly relevant factors in determining the best interests of the children and the suitability of the mother allowing him to live with and have contact with the children (*see Matter of Benjamin v Benjamin*, 48 AD3d 912, 913 [2008]; *Matter of Roe v Roe*, 33 AD3d 1152, 1153 [2006]), the record is devoid of any testimony or evidence supporting a finding that he posed any potential harm to them (*cf. Matter of Daniel v Pylinski*, 61 AD3d 1291, 1292 [2009]; *Ulmer v Ulmer*, 254 AD2d 541, 543 [1998]). Although the children had lived with the mother and boyfriend for several months, there was no testimony as to his relationship or interactions with or treatment of them. The boyfriend was, by all indications, fully cooperative with DSS during the investigation and, like the mother, attended all suggested programs. While the father focuses on the fact that the boyfriend has not, apparently, completed sex offender treatment, there is no evidence that it was ever recommended or ordered, either by DSS, a mental health professional or in the criminal proceeding.

Significantly, there was no dispute that the mental health evaluator, who was advised by DSS of the charges against the boyfriend and of his conviction, concluded in 2009 that he posed no risk to the children. It is indeed unfortunate that this mental health evaluation is not contained in the record on appeal as it should have been. While the mother's counsel specifically asked Family Court, at the conclusion of the hearing, to consider the Family Ct Act § 1034 investigation report and mental health evaluation, the record does not reflect whether the court ever actually possessed or considered the evaluation in its modification decision.

While we defer to Family Court's credibility determinations (*see Matter of Lewis v Tomeo*, 81 AD3d 1193, 1196 [2011]), the court did not make any finding that the boyfriend posed a danger to the children. In ordering the mother to keep the children away from the boyfriend, the court indicated on the record that she could petition for another modification—presumably to remove this restriction—by submitting to the court "an evaluation by a competent mental health professional that would indicate that [the boyfriend] is not a danger to the subject children." However, the court had—the year before—ordered the

Family Ct Act § 1034 investigation that produced such a mental health evaluation, and no reason was given why that 2009 evaluation did not satisfy this requirement and why it was not relied upon. We can see no reason why the court here did not already possess or make efforts to obtain the mental health evaluation before modifying the custody order in this restrictive manner.

The only evidence in the record—the boyfriend's admitted consensual sexual relations with an underage girl and plea to endangering the welfare of a child—did not, by itself, support the conclusion that the best interests of the parties' then two- and three-year-old children warranted restricting all contact between the children and the boyfriend, who was fully cooperative and engaged to and financially supporting the mother at the time of the 2010 fact-finding hearing (*see e.g. Matter of Afton C. [James C.]*, 17 NY3d 1, 10-11 [2011]). Indeed, the father—as petitioner—failed to meet his burden. In the absence of a sound and substantial basis in the record for the court's modification order, it must be reversed and the petition dismissed.

Rose, Kavanagh, Stein and Garry, JJ., concur. Ordered that the order is reversed, on the law, without costs, and petition dismissed.