■ In the Matter of ROBERT J. MARTIN, Respondent, v KATHI J. MILLS, Appellant. [943 NYS2d 631]—

Rose, J. Appeal from an order of the Family Court of Broome County (Connerton, J.), entered March 28, 2011, which partially granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the unmarried parents of a son born in 2001. The parties separated after the child's birth and, in September 2002, both filed petitions for custody. As part of those proceedings, a Family Ct Act § 1034 investigation of the mother indicated her for inadequate guardianship based on her driving while intoxicated with the child in the vehicle. The mother was ordered to arrange for an alcohol evaluation and, pursuant to a temporary order that was made permanent in 2003, the parties consented to joint custody with the mother having primary physical custody and the father having visitation. In June 2010, the father commenced this proceeding seeking sole custody of the child and alleging a change in circumstances based on the mother's excessive drinking and domestic abuse between the mother and her boyfriend. After both a hearing and a *Lincoln* hearing, Family Court continued joint custody but awarded the father primary physical custody. The mother appeals.

Initially, we disagree with the mother's contention that the father failed to sustain his burden on the threshold issue of whether there had been a sufficient change in circumstances since the 2003 order warranting a review of the issue of custody so as to insure the continued best interests of the child (*see*

*Matter of Prefario v Gladhill*, 90 AD3d 1351, 1352 [2011]; *Matter of Arieda v Arieda-Walek*, 74 AD3d 1432, 1433 [2010]). The mother argues that her drinking cannot be considered a change in circumstances because it existed—and the father was aware of it—at the time of the original order. She also argues that any issues regarding domestic abuse were resolved because she ended her relationship with her boyfriend and Family Court improperly considered alcohol-related incidents that postdated the petition.

Although Family Court's decision does not explicitly find a change in circumstances or identify the specific circumstances that it relied upon, our authority in custody cases "is as broad as that of the hearing court" (*Matter of Aylward v Bailey*, 91 AD3d 1135, 1136 [2012]). Accordingly, we may independently review the record to determine whether there has been a change in circumstances (*see Matter of Prefario v Gladhill*, 90 AD3d at 1353; *Matter of Christopher T. v Jessica U.*, 90 AD3d 1092, 1093-1094 [2011]). In doing so, we will not consider the mother's August 2010 arrest and subsequent conviction for driving while intoxicated or an October 2010 argument between the allegedly intoxicated mother and her oldest son that resulted in police involvement (*see Matter of Opalka v Skinner*, 81 AD3d 1005, 1005 [2011]; *Matter of Risman v Linke*, 235 AD2d 861, 861-862 [1997]).* Nevertheless, upon our review of the entire record, "we find ample evidence of a change in circumstances necessitating reconsideration of the [child's] best interests" (*Matter of McGovern v McGovern*, 58 AD3d 911, 914 [2009]).

The father's concern was based on the child's reports to him that the police were regularly being called to the mother's residence, and he presented evidence of a disturbing number of instances between the entry of the order setting custody in 2003 and the filing of the petition in 2010 when the police were called to respond to conflicts between the mother, who was intoxicated, and her boyfriend. The mother did not deny that there were multiple incidents of domestic abuse involving her boyfriend, at least one of which resulted in the boyfriend being taken from the residence in handcuffs, but she testified that she had since ended her relationship with that particular boyfriend. She admitted that he "was a drunk," that she would drink with him and that she would drink in front of the child. Significantly, in our view, the mother also acknowledged that she remained friends with the boyfriend and continued to have contact with him.

---

* These events occurred after the petition was filed and there was no motion to conform the pleadings to the proof (*see* CPLR 3025 [c]).

Family Court appears to have discredited the mother's testimony. As an example, the court noted that, although the mother claimed that she had obtained the 2002 court-ordered alcohol evaluation, there was no such evaluation in the court's file to corroborate that claim. According deference to such credibility determinations (*see Matter of Lowe v O'Brien*, 81 AD3d 1093, 1094 [2011], *lv denied* 16 NY3d 713 [2011]), the evidence of the mother's continuing, unabated problem with alcohol and a history of domestic abuse that may not be completely resolved was sufficient to constitute a change in circumstances requiring a review of the existing custody arrangement in order to determine whether it continued to be in the child's best interests (*see Matter of Rue v Carpenter*, 69 AD3d 1238, 1239 [2010]; *Matter of Graham v Graham*, 24 AD3d 1051, 1052-1053 [2005], *lv denied* 6 NY3d 711 [2006]; *Matter of Banks v Hairston*, 6 AD3d 886, 887 [2004]; *Matter of Hudson v Hudson*, 279 AD2d 659, 660-661 [2001]).

Family Court is required to consider a variety of factors in making such a best interests determination, including the quality of the respective home environments, the length of time the present custody arrangement was in place, the preservation of stability in the child's life, each parent's past performance, relative fitness and ability to provide for the child's intellectual and emotional development, and the effect the award of custody would have on the child's relationship with the noncustodial parent (*see Matter of Timothy N. v Gwendolyn N.*, 92 AD3d 1155, 1157 [2012]; *Matter of Knight v Knight*, 92 AD3d 1090, 1091-1092 [2012]). As the mother correctly observes, however, Family Court did not set forth the essential facts of its best interests determination, either orally or in writing (*see* CPLR 4213 [b]). Further, as the record is insufficient for us to make an independent determination in this regard, we must remit for that purpose (*see Matter of Rivera v LaSalle*, 84 AD3d 1436, 1440 [2011]; *Matter of Whitaker v Murray*, 50 AD3d 1185, 1186-1187 [2008]; *cf. Matter of Valenti v Valenti*, 57 AD3d 1131, 1132 [2008], *lv denied* 12 NY3d 703 [2009]). Upon remittal, Family Court may impose additional conditions upon the parties as it deems appropriate or hear additional relevant evidentiary proof to assess the circumstances as they currently exist (*see Matter of McGovern v McGovern*, 58 AD3d at 915; *Matter of Whitaker v Murray*, 50 AD3d at 1187). In the interim, physical custody should remain temporarily with the father until the parties' first appearance in Family Court.

Peters, P.J., Lahtinen, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order is reversed, on the law, without costs,

and matter remitted to the Family Court of Broome County for further proceedings not inconsistent with this Court's decision, and, pending such further proceedings, temporary physical custody of the child shall remain with petitioner.