Garry, J.
Appeal from an order of the Family Court of Broome County (Connerton, J.), entered September 1, 2011, which granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
The parties are the parents of two children (born in 2000 and 2003). A February 2010 custody order directed that the parties have joint custody of the children, with the children’s primary residence to be with petitioner (hereinafter the mother) and specified visitation with respondent (hereinafter the father). In November 2010, the mother commenced this proceeding seeking to have the father’s visits with the children supervised. Following a hearing at which the mother and the father testified, Family Court granted the petition and directed that the father have supervised visitation with the children. The father appeals.
In any modification proceeding, the threshold issue is whether there has been a change in circumstances since the prior custody order significant enough to warrant a review of the issue of custody to ensure the continued best interests of the children *1387 (see Matter of Martin v Mills, 94 AD3d 1364, 1364 [2012]; Matter of Arieda v Arieda-Walek, 74 AD3d 1432, 1433 [2010]). The father contends that the mother failed to meet this burden. While some of the proof regarding the condition of the father’s home was in reference to the mother’s knowledge thereof prior to entry of the 2010 custody order, the mother also testified that the children have recently been unable or unwilling to bathe while at their father’s home and that one child’s asthma condition becomes aggravated while at the father’s home. Additionally, the mother testified that the father acknowledged to her that he is unable to adequately provide food for the children. Finally, the father testified that he had suffered a cerebral hemorrhage and was unable to work. Family Court noted—and our review of the record confirms—that the father’s testimony was incoherent and confused at many points. Family Court specifically found that the father suffers from an obvious brain injury, with resulting confusion and memory loss, and that the children should not be left alone in his care. According appropriate deference to Family Court’s ability to observe and assess the demeanor of witnesses, we find the foregoing constitutes a significant change in circumstances and that modification of the custody order was necessary to continue the best interests of the children (see Matter of Martin v Mills, 94 AD3d at 1365-1366; Matter of Brown v Brown, 88 AD3d 1174, 1174-1175 [2011]).
Lahtinen, J.P., McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.