# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**494**

**CAF 13-01776**

PRESENT: SCUDDER, P.J., SMITH, PERADOTTO, LINDLEY, AND DEJOSEPH, JJ.

IN THE MATTER OF ALLYSON A. MILLS,
PETITIONER-APPELLANT,

V                                     MEMORANDUM AND ORDER

JOEL T. RIEMAN, RESPONDENT-RESPONDENT.
----------------------------------------
IN THE MATTER OF JOEL T. RIEMAN,
PETITIONER-RESPONDENT,

V

ALLYSON A. MILLS, RESPONDENT-APPELLANT.

BOUVIER PARTNERSHIP, LLP, BUFFALO (EMILIO COLAIACOVO OF COUNSEL), FOR
PETITIONER-APPELLANT AND RESPONDENT-APPELLANT.

GLEICHENHAUS, MARCHESE & WEISHAAR, P.C., BUFFALO (CHARLES J. MARCHESE
OF COUNSEL), FOR RESPONDENT-RESPONDENT AND PETITIONER-RESPONDENT.

MINDY L. MARRANCA, ATTORNEY FOR THE CHILD, BUFFALO.

---

Appeal from an order of the Family Court, Erie County (Rosalie
Bailey, J.), entered September 13, 2013 in a proceeding pursuant to
Family Court Act article 6. The order granted Joel T. Rieman sole
custody of the subject child.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, and the matter is
remitted to Family Court, Erie County, for further proceedings in
accordance with the following memorandum: In this custody proceeding
pursuant to Family Court Act article 6, petitioner-respondent mother
appeals from an order that modified a prior order by granting sole
legal custody of the parties' daughter to respondent-petitioner
father. We agree with the mother that "Family Court's determination
with respect to custody lacks a sound and substantial basis in the
record" (*Matter of Thurston v Skellington*, 89 AD3d 1520, 1520; *see
Matter of Bryan K.B. v Destiny S.B.*, 43 AD3d 1448, 1449).

"[A] custody determination should be made only after a full and
fair hearing at which the record is fully developed" (*Matter of Peek v
Peek*, 79 AD3d 753, 754; *see Barnes v Barnes*, 234 AD2d 959, 959).
Here, the court made its determination following a hearing at which,
apart from an in camera interview of the child, the mother was the

sole witness.  Although the record contains sufficient evidence to establish that "[t]he relationship of the parties had deteriorated to such an extent that [the existing joint custody arrangement] was no longer feasible" (*Matter of Thayer v Ennis*, 292 AD2d 824, 825; *see Matter of York v Zullich*, 89 AD3d 1447, 1448), it "does not contain sufficient evidence supporting the award of sole legal custody to [the father]" (*Matter of David A.A. v Maryann A.*, 41 AD3d 1300, 1300; *see Matter of Williams v Williams*, 35 AD3d 1098, 1099-1100; *cf. Matter of Tin Tin v Thar Kyi*, 92 AD3d 1293, 1293, *lv denied* 19 NY3d 802).  Indeed, inasmuch as the mother's testimony raised significant questions about the father's parental fitness and the father did not present any evidence, "we conclude that the [father] failed to establish that it was in the best interests of the child to award sole custody to [him]" (*Matter of Gelster v Burns*, 122 AD3d 1294, 1295, *lv denied* 24 NY3d 915).

Moreover, the court failed to make any findings concerning the factors that must be considered in making a best interests determination (*see Matter of Avdic v Avdic*, 125 AD3d 1534, 1536), and we conclude that "the record is insufficient for us to make an independent determination in this regard" (*Matter of Martin v Mills*, 94 AD3d 1364, 1366; *see Matter of Bradbury v Monaghan*, 77 AD3d 1424, 1425; *Matter of Amato v Amato*, 51 AD3d 1123, 1124).  We therefore reverse the order and remit the matter to Family Court for a new hearing focusing on the best interests of the child (*see Bradbury*, 77 AD3d at 1424).

Contrary to the mother's further contention, we conclude that the court properly denied her motion to remove the Attorney for the Child (AFC) (*see Matter of Linda S. v Westchester County Dept. of Social Servs.*, 63 AD3d 1164, 1164-1165, *lv dismissed in part and denied in part* 13 NY3d 825; *see also Matter of Leichter-Kessler v Kessler*, 71 AD3d 1148, 1149).  The record establishes that "the AFC properly advocated for the wishes of [her] client" (*Matter of Swinson v Dobson*, 101 AD3d 1686, 1687-1688, *lv denied* 20 NY3d 862).

Entered:  May 8, 2015                          Frances E. Cafarell
                                               Clerk of the Court