*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 16, 2015                    518959
_____

In the Matter of NATHANIEL
    SHOKRALLA,
                        Appellant,
        v                                      MEMORANDUM AND ORDER

ICELEE BANKS,
                        Respondent.
_____

Calendar Date:  June 1, 2015

Before:  Lahtinen, J.P., Lynch, Devine and Clark, JJ.

                         _____


        John Ferrara, Monticello, for appellant.

        Jane M. Bloom, Monticello, for respondent.

        Michael C. Ross, Bloomingburg, attorney for the children.


                         _____


Lahtinen, J.P.

        Appeal from an amended order of the Family Court of
Sullivan County (McGuire, J.), entered April 17, 2014, which
dismissed petitioner's application, in a proceeding pursuant to
Family Ct Act article 6, to modify a prior order of custody.

        Petitioner (hereinafter the father) and respondent
(hereinafter the mother) are the unmarried parents of three
daughters (born in 2004, 2005 and 2008).  In 2008, they separated
and, in 2011, the father petitioned for visitation, which
resulted in a consent order in March 2012 providing him with

visitation one weekend per month.[1]  Ongoing hostility and lack of cooperation by the parties led to a series of petitions including, among others, the father seeking custody and the mother asserting that the father violated the March 2012 order, as well as also seeking to terminate the father's parenting time based upon allegations of his conduct with the mother's adult daughter from another relationship.  Following a hearing, Family Court dismissed many of the parties' petitions and, as relevant on appeal, issued an amended order in April 2014 directing that the mother have sole legal and physical custody with increased parenting time for the father to include, among other things, all weekends except the fourth weekend of each month.  The father appeals, arguing that Family Court improperly indicated a gender preference of placing girls with their mother and also did not give appropriate weight to the mother's acts in undermining his relationship with the children.

Modifying an existing custody order "requires a petitioner to establish 'a change in circumstances reflecting a real need for change in order to insure the continued best interest[s] of the child[ren]'" (Matter of Twiss v Brennan, 82 AD3d 1533, 1534 [2011], quoting Matter of Robert SS. v Ashley TT., 75 AD3d 780, 781 [2010]).  The change in circumstances element is not disputed on appeal and, in any event, is supported by the record.  Factors pertinent to a best interests analysis include, among others, "the relative fitness, stability, past performance, and home environment of the parents, as well as their ability to guide and nurture the children and foster a relationship with the other parent" (Matter of Arieda v Aridea-Walek, 74 AD3d 1432, 1433 [2010] [internal quotation marks and citation omitted]).  Family Court's lengthy oral decision wandered at times to some matters that had little, if any, relevance in a best interests analysis.  However, "our authority in custody cases 'is as broad as that of the hearing court'" (Matter of Martin v Mills, 94 AD3d 1364, 1365 [2012], quoting Matter of Aylward v Bailey, 91 AD3d 1135, 1136 [2012]), and upon our independent review of the entire record —

_____

[1]  Although the March 2012 order did not clearly set forth physical custody to the mother, the parties do not contest that she had such custody.

while disregarding Family Court's comments on matters not relevant in the best interests analysis — we find that there is ample proof that placing legal and physical custody with the mother was in the children's best interests.

The mother has been the children's primary caregiver throughout their lives and particularly after the parties separated in 2008. The father acknowledged that he did not visit the children for three years after separating from the mother during a time when he was "try[ing] to find [him]self." Even after he had resumed a relationship with the children in 2012, he showed little active interest in or knowledge of their health care or education. He lived in a two-bedroom apartment about 100 miles from where the mother resides. The father worked an all night shift and, while at work, the children would have to be in the care of one of his two nearby brothers, who were 19 and 23 years old.

The mother clearly had exhibited some deficiencies of concern, particularly regarding her lack of cooperation with the father. Family Court had dealt severely with the mother on such issue and, if she does not improve, it could be an important factor if further proceedings ensue (see Matter of Dobies v Brefka, 83 AD3d 1148, 1151 [2011]). However, there were also concerns about the father's cooperation with the mother, as well as his other actions. Significantly, the mother had provided a stable home and adequate care for the children throughout their lives. She was actively involved in their education, health care and all important aspects of their daily lives. Both parties had made some unwise decisions and had, at times, shown less than stellar parenting skills. Nonetheless, upon consideration of the entire record, as well as the transcripts from the Lincoln hearings, the credible proof supports the custody and visitation order as ultimately fashioned by Family Court. The remaining arguments are unavailing.

Lynch, Devine and Clark, JJ., concur.

-4-                        518959

ORDERED that the amended order is affirmed, without costs.



            ENTER:

            Robert D. Mayberger
            Clerk of the Court