# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**897**

**CAF 15-00634**

PRESENT: CENTRA, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND CURRAN, JJ.

---

IN THE MATTER OF ROBERT E. TROMBLEY, JR.,
PETITIONER-RESPONDENT,

V                                                            MEMORANDUM AND ORDER

KRISTIN S. PAYNE, RESPONDENT-APPELLANT.
------------------------------------------------
IN THE MATTER OF KRISTIN S. PAYNE,
PETITIONER-APPELLANT,

V

ROBERT E. TROMBLEY, JR., RESPONDENT-RESPONDENT.
(APPEAL NO. 2.)

---

KELIANN M. ARGY, ORCHARD PARK, FOR RESPONDENT-APPELLANT AND
PETITIONER-APPELLANT.

MICHAEL STEINBERG, ROCHESTER, FOR PETITIONER-RESPONDENT AND
RESPONDENT-RESPONDENT.

FARES A. RUMI, ATTORNEY FOR THE CHILDREN, ROCHESTER.

---

Appeal from an order of the Family Court, Genesee County (Eric R. Adams, J.), entered March 17, 2015 in a proceeding pursuant to Family Court Act article 6. The order, among other things, granted sole custody of the subject children to Robert E. Trombley, Jr.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent-petitioner mother has not raised any contentions with respect to the order in appeal No. 1, and we therefore dismiss that appeal (*see Abasciano v Dandrea*, 83 AD3d 1542, 1545; *see generally Ciesinski v Town of Aurora*, 202 AD2d 984, 984). Contrary to the contention of the mother in appeal No. 2, Family Court properly dismissed her cross petition seeking custody because she failed to make the requisite evidentiary showing of a change in circumstances to warrant an inquiry into whether the best interests of the children would be served by modifying the existing custody arrangement (*see Matter of Thompson v Thompson*, 124 AD3d 1354, 1354; *Matter of Miller v Pederson*, 121 AD3d 1598, 1599). Contrary to the mother's further contention, the court's determination to grant in part the petitioner-respondent father's petition and to modify

visitation has a sound and substantial basis in the record (*see Matter of Warren v Miller*, 132 AD3d 1352, 1354).

The court properly denied the mother's objection to the reappointment of the Attorney for the Children (AFC) (*see Matter of Mills v Rieman*, 128 AD3d 1486, 1487; *Matter of Leichter-Kessler v Kessler*, 71 AD3d 1148, 1149; *Matter of Petkovsek v Snyder* [appeal No. 6], 251 AD2d 1087, 1087-1088, *lv dismissed in part and denied in part* 92 NY2d 942). In making an appointment of an AFC, "the court shall, to the extent practicable and appropriate, appoint the same attorney who has previously represented the child" (Family Ct Act § 249 [b]). Inasmuch as there is no support in the record for the mother's contention that the AFC was biased against her, there was no reason for the court to appoint a new AFC (*see generally Matter of Kristi L.T. v Andrew R.V.*, 48 AD3d 1202, 1206, *lv denied* 10 NY3d 716). Finally, the testimony of the father was sufficient to establish that certain audio recordings "accurately represent[ed] the subject matter depicted," and thus they were properly admitted in evidence (*People v Patterson*, 93 NY2d 80, 84; *see Zegarelli v Hughes*, 3 NY3d 64, 69).

Entered:  November 10, 2016                    Frances E. Cafarell
                                               Clerk of the Court