In the Matter of JOSEPH Q., Appellant, v JESSICA R., Respondent. [42 NYS3d 394]—

Clark, J. Appeal from an order of the Family Court of Chemung County (Rich, Jr., J.), entered April 13, 2015, which, among other things, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a daughter (born in 2008). Pursuant to consent orders entered in 2010 and 2013, the mother had sole legal and primary physical custody of the child and the father had supervised overnight visitation with the child every other weekend, with such visits to occur at the home of the paternal great-grandmother and transportation to and from the visits to be provided by the father. In August 2014, the father commenced this Family Ct Act article 6 proceeding seeking sole custody of the child. The father attached to his petition a portion of an apparent Family Ct Act article 10 petition that had been filed by the Chemung County Department of Social Services (hereinafter DSS) against the mother and her spouse alleging that they had failed to provide the child, as well as her half siblings, with a minimum degree of care. The attachment stated that DSS had received a hotline report following the death of the child's infant half brother, whose cause of death was still under investigation, and that a subsequent DSS investigation had revealed numerous concerns relating to, among other things, the conditions of the home, the structure and supervision provided by the mother and her spouse and the child's educational development. The mother did not answer the father's Family Ct Act article 6 petition.

A fact-finding hearing was held in April 2015, at which the father testified that the child's paternal great-grandmother was in poor health and that, as a result, he had been exercising his parenting time at the residence of the paternal grandmother, where he also lived. The father further testified that the mother carried the ashes of the child's deceased half brother in her purse and that, as corroborated by the testimony of the paternal grandmother, the father regularly spent his parenting time addressing the child's repeated bouts of head

lice. Family Court denied the mother's motion to dismiss the petition at the close of the father's proof. For her part, the mother solely presented the testimony of the maternal grandmother, who stated that the child's half brother was in the care of the mother and her spouse when he passed away and that she was unaware of any illness that would have led to his death. In the bench decision that followed, Family Court ordered "that custody . . . remain joint legal," with the mother having primary physical custody of the child and the father having expanded unsupervised parenting time, which could occur at the residence of either the paternal great-grandmother or the paternal grandmother. The father appeals from the order entered thereon.

The threshold inquiry in a custody modification proceeding is whether there has been a change in circumstances since the prior custody order warranting a review of the issue of custody to ensure the continued best interests of the child (*see Matter of Colleen GG. v Richard HH.*, 135 AD3d 1005, 1007 [2016]; *Matter of Ryan v Lewis*, 135 AD3d 1135, 1136 [2016]; *Matter of Menhennett v Bixby*, 132 AD3d 1177, 1179 [2015]). Here, Family Court failed to make any express findings relative to the alleged change in circumstances. Nevertheless, this Court's authority is as broad as that of Family Court and we may review the record and make an independent determination as to whether the father made the requisite showing of a change in circumstances (*see Matter of Shokralla v Banks*, 130 AD3d 1263, 1264 [2015]; *Matter of Martin v Mills*, 94 AD3d 1364, 1366 [2012]; *Matter of Cree v Terrance*, 55 AD3d 964, 966 [2008], *lv denied* 11 NY3d 714 [2008]). Having reviewed the record, we find that the unexplained circumstances surrounding the passing of the child's half brother while he was in the care of the mother and her spouse constituted a change in circumstances warranting an inquiry into which custody arrangement was in the child's best interests.

In making a best interests determination, Family Court was required to consider, among other factors, " 'the relative fitness, stability, past performance, and home environment of the parents, as well as their ability to guide and nurture the child[ ] and foster a relationship with the other parent' " (*Matter of Blagg v Downey*, 132 AD3d 1078, 1079 [2015], quoting *Matter of Parchinsky v Parchinsky*, 114 AD3d 1040, 1041 [2014]; *see Matter of Shokralla v Banks*, 130 AD3d at 1264). Family Court, however, failed to "set forth the essential facts of its best interests determination, either orally or in writing" (*Matter of Martin v Mills*, 94 AD3d at 1366; *see* CPLR 4213 [b]). We

further express our concern that statements made by Family Court in response to the mother's motion to dismiss the petition may have impacted the quantity and quality of proof put on by the mother by giving the impression that it may have been only considering a modification of the father's parenting time. Muddying the water even further was Family Court's apparent misimpression that the parties had joint legal custody under the prior order and that it was simply continuing that arrangement.

Moreover, this record is wholly insufficient for us to make an independent determination as to the custody arrangement that would further the child's best interests, as it raises more questions than it resolves. Family Court failed to make a clear record as to the status of the apparently ongoing Family Ct Act article 10 proceeding against the mother or whether it took judicial notice of that proceeding when it made its custody determination (*see Matter of Damian D. [Patricia WW.]*, 126 AD3d 12, 17 [2015]). Notably, Family Court stated at one point, with no further explanation, that DSS had submitted a proposed fact-finding and disposition on a permanency order. Nor is there any discussion of the impact that the death of the child's half brother had upon the mental and emotional well-being of the child or whether the investigation into the death of the child's half brother had concluded. Accordingly, we reverse the order and remit the matter to Family Court for a new hearing as to the best interests of the child (*see Matter of Mills v Rieman*, 128 AD3d 1486, 1487 [2015]; *Matter of Martin v Mills*, 94 AD3d at 1366; *Matter of Bradbury v Monaghan*, 77 AD3d 1424, 1424-1425 [2010]).

The father's remaining arguments are rendered academic by our determination.

Egan Jr., J.P., Rose, Mulvey and Aarons, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Chemung County for further proceedings not inconsistent with this Court's decision.