■ In the Matter of DONALD BROCKEL, Respondent, v MI-CHELLE MARTIN, Appellant. [61 NYS3d 413]—

Appeal from an order of the Family Court, Cattaraugus County (Michael L. Nenno, J.), entered May 4, 2016 in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded petitioner sole custody of the subject child.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, and the matter is remitted to Family Court, Cattaraugus County, for further proceedings in accordance with the following memorandum: Respondent mother appeals from an order that modified the parties' existing custody arrangement by awarding petitioner father sole custody of the parties' daughter, with supervised visitation with the mother. Pursuant to a consent order entered in 2013, the parties had joint custody of the child, with primary physical placement awarded to the mother. In August 2015, the father commenced this Family Court Act article 6 proceeding seeking sole custody of the child. The basis for the requested modification was an investigation by the Cattaraugus County Department of Social Services (DSS), and the resulting four neglect petitions filed by DSS against the mother and her paramour for maltreatment and neglect. The original DSS petition alleged that the mother and her paramour had been negligent in the supervision of their two-year-old child, the subject child's half sister, based on the fact that the child had broken first one wrist and then the other on two occasions in June 2015. DSS filed three more amended petitions, each time alleging that the mother and her paramour used illicit drugs and refused to cooperate with DSS for drug testing. After a joint hearing on the DSS neglect petitions and the father's custody modification petition, Family Court, among other things, granted the father's petition for sole custody, with supervised visitation to the mother "as is determined by the Department of Social Services."

"The threshold inquiry in a custody modification proceeding is whether there has been a change in circumstances since the prior custody order warranting a review of the issue of custody to ensure the continued best interests of the child" (*Matter of Joseph Q. v Jessica R.*, 144 AD3d 1421, 1422 [2016]). Here, the allegations of neglect by DSS constitute the requisite change in circumstances to warrant an inquiry into the best interests of the child (*see generally Matter of Mark RR. v Billie RR.*, 95 AD3d 1602, 1602-1603 [2012]; *Matter of Jeremy J.A. v Carley A.*, 48 AD3d 1035, 1036 [2008]). In making a best interests determination, a court must consider, among other factors, " 'the relative fitness, stability, past performance, and home environment of the parents, as well as their ability to guide and nurture the child[ ] and foster a relationship with the other parent' " (*Matter of Parchinsky v Parchinsky*, 114 AD3d 1040, 1041 [2014]; *see Matter of Blagg v Downey*, 132 AD3d 1078, 1079-1080 [2015]).

Here, the court failed to "set forth the essential facts of its best interests determination, either orally or in writing" (*Matter of Martin v Mills*, 94 AD3d 1364, 1366 [2012]; *see* CPLR 4213 [b]), and the record is insufficient to enable us to make an independent determination with respect to the child's best interests (*see Martin*, 94 AD3d at 1366). The record is silent on the issue of the well-being of the subject child and, specifically, the impact that the actions of the mother and her paramour as alleged by DSS had on the subject child. We therefore reverse the order and remit the matter to Family Court for a hearing on the best interests of the subject child (*see Matter of Mills v Rieman*, 128 AD3d 1486, 1487 [2015]; *Martin*, 94 AD3d at 1366).

The mother's remaining argument is rendered academic by our determination. Present—Whalen, P.J., Smith, Carni, DeJoseph and Curran, JJ.