Matter of Vazquez v Bahr (2021 NY Slip Op 02397)





Matter of Vazquez v Bahr


2021 NY Slip Op 02397


Decided on April 21, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 21, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
REINALDO E. RIVERA
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2019-08654
 (Docket Nos. V-129-17, V-130-17, V-131-17, V-132-17)

[*1]In the Matter of Zaira Vazquez, respondent,
v
Jimmy E. Bahr, appellant. (Proceeding No. 1.)
In the Matter of Jimmy E. Bahr, appellant,
v
Zaira Vazquez, respondent. (Proceeding No. 2.)


Mark Brandys, New York, NY, for appellant.
Warren S. Hecht, Forest Hills, NY, for respondent.
Karen P. Simmons, Brooklyn, NY (Chai Park and Janet Neustaetter of counsel), attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Supreme Court, Kings County (IDV Part) (Esther M. Morgenstern, J.), dated December 13, 2018. The order, insofar as appealed from, without a hearing, in effect, granted that branch of the father's petition which was for parental access only to the extent of awarding him parental access with the children between 11:00 a.m. and 3:00 p.m. on Sundays.
ORDERED that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County (IDV Part), to expeditiously conduct a hearing and for a new determination thereafter of that branch of the father's petition which was for parental access; and it is further,
ORDERED that pending the hearing and new determination of that branch of the
father's petition which was for parental access, the father shall have temporary parental access in accordance with the order dated December 13, 2018.
The mother and the father, who were never married to each other, are the parents of two children, one born in 2013 and the other born in 2015. In 2016, the father filed a petition pursuant to Family Court Act article 6 in the Family Court, Kings County, for custody of and parental access with the children, and the mother filed a petition for custody of the children. Due to allegations of domestic violence, both petitions were transferred from the Family Court to the Integrated Domestic Violence (IDV) part of the Supreme Court (see 22 NYCRR 141.4).
On February 28, 2017, the parties appeared before the Supreme Court for the first time. The court awarded temporary custody of the children to the mother and awarded the father limited, supervised parental access with the children. Thereafter, the parties appeared before the court multiple times, the court received reports from the father's supervised parental access with the [*2]children and reports from court-ordered investigations, and it issued a series of interim orders on custody and parental access, which eventually directed the father to have limited, unsupervised parental access with the children. However, the court never conducted a hearing on either of the parties' petitions for custody and parental access. In an order dated December 13, 2018, the court awarded custody of the children to the mother and parental access to the father limited to 11:00 a.m. to 3:00 p.m. on Sundays. The father appeals from so much of the order as awarded him parental access with the children limited to 11:00 a.m. to 3:00 p.m. on Sundays.
Parental access determinations should "[g]enerally be made only after a full and plenary hearing and inquiry" (S.L. v J.R., 27 NY3d 558, 563 [internal quotation marks omitted]; see Matter of Fouyalle v Jackson, 187 AD3d 907). "While the general right to a hearing in [parental access] cases is not absolute, where 'facts material to the best interest analysis, and the circumstances surrounding such facts, remain in dispute,' a hearing is required" (Palazzola v Palazzola, 188 AD3d 1081, 1082, quoting S.L. v J.R., 27 NY3d at 564). Here, the record shows that there were disputed factual issues regarding the finding of the children's best interests such that a hearing on the father's parental access was required (see Palazzola v Palazzola, 188 AD3d at 1082; Brin v Shady, 179 AD3d 760, 762; Katsoris v Katsoris, 178 AD3d 794, 796-797). Accordingly, we remit the matter to the Supreme Court, Kings County (IDV Part), for a hearing on that branch of the father's petition which was for parental access and for a new determination thereafter. Moreover, we note that the decision issued by the Supreme Court failed to comply with CPLR 4213(b) in that it did not set forth findings of fact (see CPLR 4213[b]; Matter of Newton v McFarlane, 174 AD3d 67, 79; Matter of Whitaker v Murray, 50 AD3d 1185, 1186; McDermott v McDermott, 124 AD2d 715, 715). The new determination should state the findings of fact essential to the determination (see CPLR 4213[b]; Matter of Whitaker v Murray, 50 AD3d at 1186-1187).
MASTRO, A.P.J., RIVERA, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court