Matter of Fenton v Smith (2025 NY Slip Op 04325)

Matter of Fenton v Smith

2025 NY Slip Op 04325

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., MONTOUR, SMITH, NOWAK, AND HANNAH, JJ.

408 CAF 23-01997

[*1]IN THE MATTER OF DAVID P. FENTON, PETITIONER-RESPONDENT,
v
COLLEEN S. SMITH, RESPONDENT-APPELLANT. 

CHARLES J. GREENBERG, AMHERST, FOR RESPONDENT-APPELLANT.

 Appeal from an order of the Family Court, Seneca County (Barry L. Porsch, J.), entered November 17, 2023, in a proceeding pursuant to Family Court Act article 6. The order, among other things, granted petitioner visitation with the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Family Court, Seneca County, for further proceedings in accordance with the following memorandum: In this proceeding pursuant to Family Court Act article 6, respondent mother appeals from an order entered upon her purported default that, inter alia, granted petitioner father's petition effectively seeking to modify a prior order of custody and visitation by granting him scheduled visitation with the child.
As an initial matter, we agree with the mother that Family Court erred in its determination that the mother was in default (see generally Matter of Jayden M. [Carlos M.], 237 AD3d 1560, 1561-1562 [4th Dept 2025]). While the mother did not appear at the hearing, she was represented by counsel who appeared and actively participated in the hearing, rather than electing to stand mute (cf. Matter of Reardon v Krause, 219 AD3d 1710, 1711-1712 [4th Dept 2023], lv denied 41 NY3d 905 [2024]).
With respect to the merits, the mother does not dispute that there was a sufficient change in circumstances since the prior order, and thus the issue before us is whether the court properly determined that the best interests of the child would be served by a change in visitation (see Matter of Manioci v Schreiber, 210 AD3d 1523, 1523 [4th Dept 2022], lv denied 39 NY3d 907 [2023]). Here, the court did not weigh the various best interests factors, and instead simply granted the father's petition on the mother's purported default. Though in certain circumstances we may make our own best interests determination " 'in the interests of judicial economy and the well-being of the child' " (Matter of Howell v Lovell, 103 AD3d 1229, 1231 [4th Dept 2013]), the record in this case is insufficient for us to make our own best interests determination (see Matter of Brockel v Martin, 153 AD3d 1654, 1655 [4th Dept 2017]; Matter of Marti v Mills, 94 AD3d 1364, 1366 [3d Dept 2012]), particularly where, as here, the court failed to appoint an Attorney for the Child at the contested hearing.
In light of our determination, we remit the matter to Family Court for a "hearing and determination [whether scheduled visitation is in] the best interests of the child before a different judge" (Matter of McClinton v Kirkman, 132 AD3d 1245, 1246 [4th Dept 2015]).
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court