■ In the Matter of DAWN L. STEFAS, Appellant, v EDWIN SIERRA, Respondent. (Proceeding No. 1.) In the Matter of EDWIN

SIERRA, Respondent, v DAWN L. STEFAS, Appellant. (Proceeding No. 2.) [934 NYS2d 237]—

Modification of an existing custody or visitation arrangement is permissible only upon a showing that there has been a change in circumstances such that a modification is necessary to ensure the continued best interests and welfare of the child (*see* Family Ct Act § 652 [a]; *Matter of Molinari v Tuthill*, 59 AD3d 722, 723 [2009]). "A parent seeking to modify an existing order of visitation is not automatically entitled to a hearing, but must make some evidentiary showing sufficient to warrant a hearing" (*Matter of Varricchio v Varricchio*, 68 AD3d 774, 775 [2009]). The Family Court properly granted the father's motion to dismiss the mother's petition for sole custody without a hearing, because her petition failed to allege that a change in circumstances had occurred.

Conversely, the father's petition to modify the March 2010 order did allege that a change in circumstances had occurred. The Family Court's determination in the March 2010 order awarding the mother unsupervised overnight visitation was based, in part, on the mother's testimony that she had established a stable home. The father's petition alleged that the mother's living situation was now unstable. At the hearing, the mother testified that she had moved out of that stable home, and that she had been living in the finished basement of a house owned by a man who was a complete stranger to the children. Based on this evidence and the in camera interviews with the children, the Family Court providently exercised its discretion in granting the father's petition and canceling the mother's overnight visitation.

In view of the foregoing, we do not address the subsequent events referred to by the Attorney for the Children in Part III of her brief, because those events are outside the record on appeal and there is no indication that the record before us is insufficient for determining the mother's fitness and right to custody (*see generally Matter of Michael B.*, 80 NY2d 299, 318 [1992]; *cf. Matter of Gatke v Johnson*, 50 AD3d 798 [2008]). Florio, J.P., Balkin, Belen and Chambers, JJ., concur.