Palazzola v Palazzola (2020 NY Slip Op 06801)





Palazzola v Palazzola


2020 NY Slip Op 06801


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2018-10727
 (Index No. 50691/11)

[*1]Amy Palazzola, appellant,
v
Richard Palazzola, respondent.


Cheryl Charles-Duval, Brooklyn, NY, for appellant.
Thomas J. DeVito, Jr., Staten Island, NY, for respondent.
Wendy A. Keegan, Staten Island, NY, attorney for the child.



DECISION & ORDER
In a matrimonial action, the plaintiff appeals from an order of the Supreme Court, Richmond County (Barbara Irolla Panepinto, J.), dated July 24, 2018. The order, insofar as appealed from, without a hearing, in effect, granted that branch of the defendant's motion which was to modify the parties' stipulation of settlement dated September 12, 2012, so as to award him sole custody of the parties' child, and limited the plaintiff's parental access with the child to three hours per week.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Richmond County, for an expedited hearing on that branch of the defendant's motion which was to modify the parties' stipulation of settlement dated September 12, 2012, so as to award him sole custody of the parties' child; and it is further,
ORDERED that pending a hearing and new determination on that branch of the defendant's motion, temporary custody shall remain with the defendant, with parental access to the plaintiff pursuant to an interim order of the Supreme Court dated February 16, 2018, and any additional parental access as ordered by the Supreme Court.
The parties are the parents of one child, born in 2009. Pursuant to a stipulation of settlement dated September 12, 2012, the parties shared joint custody of the child, with primary residential custody to the plaintiff and designated parental access to the defendant. The stipulation of settlement was incorporated, but did not merge, into the parties' judgment of divorce, dated February 19, 2013. In May 2013, the defendant moved, inter alia, to modify the stipulation of settlement so as to award him sole custody of the child. Over the course of the next five years, the Supreme Court issued a series of interim orders, which directed temporary custody of the child to the defendant, with limited parental access to the plaintiff, including an order dated February 16, 2018, which awarded the plaintiff unsupervised parental access with the child from 12:00 p.m. to 3:00 p.m. on Sundays, and directed her to enroll in individual therapy and family therapy with the child. Without conducting a hearing, in an order dated July 24, 2018, the court, in effect, granted that branch of the defendant's motion which was to modify the stipulation of settlement so as to award him sole custody of the child, and limited the plaintiff's parental access to unsupervised visits on Sundays from 12:00 p.m. to 3:00 p.m. and on Saturdays for therapy. The plaintiff appeals from the July 24, 2018 order.
Initially, the plaintiff's contention that the Supreme Court erred in denying her unsupervised parental access is without merit. The parental access awarded to the plaintiff was, in fact, unsupervised.
However, the Supreme Court should not have granted, without a hearing, that branch of the defendant's motion which was to modify the terms of the parties' stipulation of settlement. Custody determinations should generally be made only after a full and plenary hearing (see S.L. v J.R., 27 NY3d 558, 563). While the general right to a hearing in custody and visitation cases is not absolute, where "facts material to the best interest analysis, and the circumstances surrounding such facts, remain in dispute," a hearing is required (id. at 564). Here, the record shows that there were disputed factual issues regarding the child's best interests, such that a hearing on the defendant's petition was necessary (see Matter of Salvi v Salvi, 178 AD3d 1054, 1055; Matter of Fernandez v Saunders, 174 AD3d 531, 532; Matter of Guy v Weichel, 173 AD3d 1028, 1030; Matter of DiSisto v Dimitri, 173 AD3d 863, 864; Matter of Williams v Jenkins, 167 AD3d 758, 760).
In addition, decisions regarding child custody and parental access should be based on admissible evidence (see S.L. v J.R., 27 NY3d at 564; Katsoris v Katsoris, 178 AD3d 794, 797; Matter of Migliore v Santiago, 165 AD3d 942, 943). Here, in making its determination, the Supreme Court improperly relied solely on statements and conclusions of witnesses whose opinions and credibility were untested by either party (see Brin v Shady, 179 AD3d 760, 762; Katsoris v Katsoris, 178 AD3d at 797).
Accordingly, we remit the matter to the Supreme Court, Richmond County, for an expedited hearing on that branch of the defendant's motion which was to modify the parties' stipulation of settlement dated September 12, 2012, so as to award him sole custody of the parties' child. Until such time as an evidentiary hearing can be completed and a decision rendered, the parties shall adhere to the parental access schedule determined in the interim order dated February 16, 2018.
AUSTIN, J.P., MILLER, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court