Matter of Jackson v Shands (2021 NY Slip Op 00562)





Matter of Jackson v Shands


2021 NY Slip Op 00562


Decided on February 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2019-12846
 (Docket No. V-21585-12/18D)

[*1]In the Matter of Jerome Jackson, respondent,
v
Doreen Shands, appellant.


Tennille M. Tatum-Evans, New York, NY, for appellant.
Angella S. Hull, Jamaica, NY, for respondent.
Kenneth M. Tuccillo, Hastings on Hudson, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Queens County (Ashley Black, Ct. Atty. Ref.), dated October 11, 2019. The order, insofar as appealed from, without a hearing, granted that branch of the father's petition which was to modify a prior order of parental access of the same court (Carol Ann Stokinger, J.) dated May 15, 2014, so as to change the location for pick up and drop off of the subject child for parental access to the extent of directing that parenting exchanges are to occur at the 105th police precinct station house.
ORDERED that the order dated October 11, 2019, is affirmed insofar as appealed from, without costs or disbursements.
In 2012, the father filed a petition to modify a prior order of custody and parental access dated November 21, 2011, which, inter alia, awarded sole custody of the subject child to the mother, with certain parental access to the father. In an order dated May 15, 2014, the Family Court modified the parental access provisions of the prior order, among other things, so as to direct that pick up and drop off of the child was to take place at the child's school. In September 2018, the father filed a petition to modify the order dated May 15, 2014, inter alia, so as to change the location for pick up and drop off of the child for parental access. In an order dated October 11, 2019, the court, without a hearing, among other things, granted that branch of the father's petition which was to modify the order dated May 15, 2014, so as to change the location for pick up and drop off of the child for parental access to the extent of directing that parenting exchanges are to occur at the 105th police precinct station house. The mother appeals.
In order to modify an existing custody or parental access order, there must be a showing that there has been a change of circumstances such that modification is required to protect the best interests of the child (see Matter of Vitucci v Radparvar, 173 AD3d 1191, 1192; Matter of Gonzalez v Santiago, 167 AD3d 887, 889). The best interests of the child are determined by a review of the totality of the circumstances (see Matter of Gurewich v Gurewich, 58 AD3d 628, 629). While an evidentiary hearing is generally necessary concerning a modification of parental access, a hearing is not necessary "where the undisputed facts before the court are sufficient" to support a [*2]modification of parental access (Loggia v Verardo, 167 AD3d 612, 613).
Contrary to the mother's contention, the Family Court providently exercised its discretion in directing that parenting exchanges occur at the 105th police precinct station house, without a hearing, since the uncontroverted evidence of the acrimonious nature of the parties' relationship and disputes between the parties regarding parenting exchanges warranted the court's directive that parenting exchanges occur at a police precinct station house to protect the best interests of the child (cf. Matter of Cuccia-Terranova v Terranova, 174 AD3d 528, 530).
Accordingly, the Family Court properly granted that branch of the father's petition which was to modify the order dated May 15, 2014, so as to change the location for pick up and drop off of the child for parental access to the extent of directing that parenting exchanges occur at the 105th police precinct station house.
DILLON, J.P., LASALLE, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court