Matter of Renner v Renner (2021 NY Slip Op 03038)





Matter of Renner v Renner


2021 NY Slip Op 03038


Decided on May 12, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
REINALDO E. RIVERA
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2020-01903
2020-01907
2020-01911
 (Docket Nos. V-4680-15/19C, V-4681-15/19C, O-5525-19, Z-5612-19)

[*1]In the Matter of Yon Renée Woodson Awoonor Renner, appellant,
v
Ernest Awoonor Renner, respondent. (Appeals Nos. 1 and 2.)
In the Matter of Yon Renée Woodson Awoonor Renner, appellant. Ernest Awoonor Renner, et al., respondents. (Appeal No. 3.)


Warren S. Hecht, Forest Hills, NY, for appellant.
Langdon C. Chapman, County Attorney, Goshen, NY (Carol C. Pierce of counsel), for respondent Orange County Department of Social Services in Appeal No. 3.
Geoffrey E. Chanin, Goshen, NY, attorney for the child Grant R.



DECISION & ORDER
In related proceedings, inter alia, pursuant to Family Court Act articles 6 and 8, the mother appeals from three orders of the Family Court, Orange County (Lori Currier Woods, J.), all entered January 29, 2020. The first order, without a hearing, dismissed her petition to modify a prior order of custody of the same court entered May 5, 2016, which awarded custody of the subject children to the father, for failure to state a cause of action. The second order, without a hearing, dismissed her family offense petition for failure to state a cause of action. The third order dismissed her petition for "miscellaneous" relief.
ORDERED that the appeal from so much of the first order entered January 29, 2020, as dismissed that branch of the mother's petition which was to modify a prior order of custody with respect to the child Jordan R. is dismissed as academic, without costs or disbursements, since Jordan R. has reached the age of 18 years; and it is further,
ORDERED that the first order entered January 29, 2020, is affirmed insofar as reviewed, without costs or disbursements; and it is further,
ORDERED that the second and third orders entered January 29, 2020, are affirmed, without costs or disbursements.
"A parent seeking a change of custody is not automatically entitled to a hearing. Rather, a parent must make some evidentiary showing of a change in circumstances demonstrating a need for a change of custody in order to insure the child's best interests" (Henrie v Henrie, 163 AD3d 927). Here, the mother failed to make the requisite evidentiary showing of a change in circumstances sufficient to warrant a hearing (see Matter of O'Donnell v Fisher, 178 AD3d 934).
Further, from the face of the pleadings, it appears the mother's allegations of domestic violence predate the original award of custody, and either were considered or should have been considered at that time.
The mother's remaining contentions are without merit.
MASTRO, A.P.J., RIVERA, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court