Castro v Kaminski (2021 NY Slip Op 04694)





Castro v Kaminski


2021 NY Slip Op 04694


Decided on August 18, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 18, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2019-10512
 (Index No. 2500/15)

[*1]Xavier Castro, appellant,
v
Vilma Kaminski, etc., respondent.


Swidler & Messi LLP, New York, NY (Steven A. Swidler of counsel), for appellant.
The Kitson Law Firm, PLLC, White Plains, NY (Dina S. Kaplan of counsel), for respondent.
Jennifer M. Jackman, White Plains, NY, attorney for the children.



DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment dated April 9, 2013, the plaintiff appeals from an order of the Supreme Court, Westchester County (Josephine Trovini, Ct. Atty. Ref.), dated May 1, 2019. The order, insofar as appealed from, directed a hearing to aid in the disposition of the defendant's motion, inter alia, to modify the parental access provisions of the parties' judgment of divorce and a stipulation dated March 25, 2016, and denied that branch of the plaintiff's cross motion which was to terminate the appointment of the attorney for the children.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as directed a hearing to aid in the disposition of the defendant's motion is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is affirmed insofar as appealed from, with costs.
The parties were married in 2002 and have two children together. In 2012, the defendant commenced an action in New York for a divorce and ancillary relief. According to the defendant, the plaintiff insisted that any divorce take place in France, where the parties had previously lived. On April 9, 2013, the District Court of Paris in France entered a judgment of divorce, which directed that the parties were to exercise joint "parental authority," that the "usual residence" of the children would be the defendant's residence, with parental access to the plaintiff, and that the plaintiff would pay child support in the sum of $3,000 per month and cover all extracurricular expenses for the children up to $1,000 per year for each child.
On March 25, 2016, the parties entered into a stipulation, which provided that the parties would "continue to have joint legal custody of the [c]hildren," with primary residential custody to the defendant and parental access to the plaintiff. The stipulation also stated that the parties were to "work together with a jointly selected parent coordinator" and "consult with the parent coordinator . . . as necessary before returning to Court," and that "[a]bsent an emergency, neither party shall file a petition in Court without engaging in consultation with the parent coordinator."
In June 2018, the defendant moved, inter alia, to restrict the plaintiff's current spouse from being present during the plaintiff's parental access with the children, to modify the parental access provisions of the stipulation and the judgment of divorce, and to modify the judgment of divorce so as to increase the cap for extracurricular expenses to be covered by the plaintiff from $1,000 per year for each child to $2,000 per year for each child. In an affidavit submitted in support of the motion, the defendant averred that the parties "engaged in the process" of "parent coordination" with the parent coordinator, Lauren Behrman, for "5 months," which was not sufficient to address or resolve the parties' disagreements. The defendant added that Behrman ultimately "indicated that she could no longer work with us" due to "scheduling difficulties."
The plaintiff cross-moved, inter alia, to terminate the appointment of the attorney for the children, who was appointed in June 2018 pursuant to an interim stipulation of the parties. In an affidavit submitted in support of the cross motion, the plaintiff averred that the attorney for the children "primarily" had discussions with the defendant and her attorney, and that the plaintiff had been "effectively shut out of the process."
In an order dated May 1, 2019, the Supreme Court, inter alia, directed a hearing to aid in the disposition of the defendant's motion and denied that branch of the plaintiff's cross motion which was to terminate the appointment of the attorney for the children. The court determined that "[a]lthough the parties were required to use the parent coordinator, it appears that such use was to no avail," and that there was no basis in the record to warrant discharging the attorney for the children. The plaintiff appeals.
A stipulation entered into by the parties to a matrimonial action "constitutes a contract subject to the principles of contract interpretation" (Matthews v Roe, 193AD3d 919, 920). "'Where the stipulation is clear and unambiguous on its face, the intent of the parties must be gleaned from the four corners of the instrument, and not from extrinsic evidence'" (Battinelli v Battinelli, 192 AD3d 957, 959, quoting Oakes v Oakes, 38 AD3d 865, 865). Here, the stipulation unambiguously provided that the parties were to "work together with a jointly selected parent coordinator" and "consult with the parent coordinator . . . as necessary before returning to Court," and that "[a]bsent an emergency, neither party shall file a petition in Court without engaging in consultation with the parent coordinator" (emphasis added). While the plaintiff maintains that the defendant failed to engage in consultation with the parent coordinator prior to filing her motion, the defendant averred that the parties "engaged in the process" of "parent coordination" for "5 months," and that the process ultimately ceased due to "scheduling difficulties."
In order to modify an existing court-sanctioned parental access agreement, "there must be a showing that there was a sufficient change in circumstances so that modification is required to protect the best interests of the child" (Katsoris v Katsoris, 178 AD3d 794, 796). "Where . . . facts essential to the best interests analysis, and the circumstances surrounding such facts, remain in dispute, a hearing is required" (Matter of Jaimes v Gyerko, 165 AD3d 1135, 1137). Here, in view of the parties' disputed allegations, including as to the extent of the defendant's participation in "parent coordination," the alleged conduct of the plaintiff's current spouse in the presence of the children, and the parties' respective entitlements to parenting time, the Supreme Court providently exercised its discretion in directing a hearing to aid in the disposition of the defendant's motion (see Katsoris v Katsoris, 178 AD3d at 797).
As the plaintiff correctly asserts, the defendant should have submitted a statement of net worth, since her motion seeks, inter alia, to modify the plaintiff's obligation to pay for the children's extracurricular expenses (see 22 NYCRR 202.16[k][2]). Nevertheless, under the circumstances presented, the Supreme Court did not improvidently exercise its discretion in directing a hearing, at which the court would have the opportunity to consider the parties' financial circumstances prior to making a determination of the defendant's motion (see Harold v Harold, 133 AD3d 1376, 1378).
Furthermore, contrary to the plaintiff's contention, the Supreme Court properly denied that branch of his cross motion which was to terminate the appointment of the attorney for the children, since the plaintiff raised only conclusory and unsubstantiated allegations of bias, which are not supported by the record (see Matter of Sosa v Serrano, 130 AD3d 636, 637).
Accordingly, the Supreme Court properly directed a hearing to aid in the disposition of the defendant's motion and denied that branch of the plaintiff's cross motion which was to terminate the appointment of the attorney for the children.
RIVERA, J.P., HINDS-RADIX, MILLER and WOOTEN, JJ., concur.

2019-10512 DECISION & ORDER ON MOTION
Xavier Castro, appellant,
v Vilma Kaminski, etc., respondent.
(Index No. 2500/15)

Cross motion by the attorney for the children to dismiss an appeal from an order of the Supreme Court, Westchester County, dated May 1, 2019, on the ground that no appeal lies from an order which directs a hearing to aid in the disposition of a motion. By decision and order on motion of this Court dated February 10, 2021, the cross motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the cross motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is
ORDERED that the cross motion is denied.
RIVERA, J.P., HINDS-RADIX, MILLER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court