Trazzera v Trazzera (2021 NY Slip Op 06208)





Trazzera v Trazzera


2021 NY Slip Op 06208


Decided on November 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
WILLIAM G. FORD, JJ.


2020-07799
 (Index No. 202982/18)

[*1]Salvatore Trazzera, plaintiff-appellant,
v
Liza Trazzera, respondent; G. (Anonymous), nonparty-appellant.


Tabat, Cohen, Blum, Yovino & Diesa, P.C., Garden City, NY (Michael R. Gionesi of counsel), for plaintiff-appellant.
Joy S. Bunch, Garden City, NY, attorney for the child, the nonparty-appellant.
Sager Gellerman Eisner, Forest Hills, NY (Alyssa Eisner and Esther Chyzyk Bernheim of counsel), for respondent.



DECISION & ORDER
In a matrimonial action in which the parties were divorced by a judgment dated September 19, 2019, the plaintiff appeals, and the nonparty child separately appeals, from an order of the Supreme Court, Nassau County (Thomas A. Rademaker, J.), dated September 21, 2020. The order, insofar as appealed from by the plaintiff, without a hearing, in effect, granted that branch of the defendant's motion which was to modify the parties' stipulation of settlement dated December 31, 2018, and judgment of divorce, so as to award her sole legal custody of the child to the extent of awarding her final decision-making authority in the event that the parties could not agree on a major child-related issue; denied the plaintiff's cross motion to modify the parties' stipulation of settlement and judgment of divorce so as to award him sole legal and residential custody of the child or, in the alternative, for expanded parental access with the child; and granted the defendant's cross motion pursuant to 22 NYCRR 130-1.1 for an award of attorney's fees and/or sanctions to the extent of awarding her the sum of $20,000. The order, insofar as appealed from by the child, without a hearing, in effect, granted that branch of the defendant's motion which was to modify the parties' stipulation of settlement and judgment of divorce so as to award her sole legal custody of the child to the extent of awarding her final decision-making authority in the event that the parties could not agree on a major child-related issue.
ORDERED that order is modified, on the law, (1) by deleting the provision thereof, in effect, granting that branch of the defendant's motion which was to modify the parties' stipulation of settlement and judgment of divorce so as to award her sole legal custody of the child to the extent of awarding her final decision-making authority in the event that the parties could not agree on a major child-related issue, and (2) by deleting the provision thereof denying those branches of the plaintiff's cross motion which were to modify the parties' stipulation of settlement and judgment of divorce so as to award him sole legal custody of the child, or in the alternative, for expanded parental access with the child; as so modified, the order is affirmed insofar as appealed from by the plaintiff, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for [*2]an expedited hearing on that branch of the defendant's motion which was to modify the parties' stipulation of settlement and judgment of divorce so as to award her sole legal custody of the child and on those branches of the plaintiff's cross motion which were to modify the parties' stipulation of settlement and judgment of divorce so as to award him sole legal custody of the child, or in the alternative, for expanded parental access with the child, and for new determinations thereafter; and it is further,
ORDERED that pending a hearing and new determinations, the parental access provisions set forth in the parties' stipulation of settlement and judgment of divorce shall remain in effect.
The plaintiff and the defendant are the parents of one child. They executed a stipulation of settlement on December 31, 2018. The parties agreed in the stipulation of settlement to joint legal custody of the child, joint decision-making authority, and to the defendant having residential custody of the child, subject to the plaintiff's parental access. The stipulation of settlement was incorporated but not merged into a judgment of divorce dated September 19, 2019.
The plaintiff filed a family offense petition dated September 23, 2019, in the Family Court, Suffolk County, wherein he alleged that the defendant committed disorderly conduct, harassment in the first degree, and harassment in the second degree by entering the former marital home, while the plaintiff was out of town, to retrieve gym equipment. The court issued an ex parte temporary order of protection in favor of the plaintiff and against the defendant. The defendant moved by order to show cause dated October 21, 2019, in the Supreme Court, Nassau County, inter alia, to remove the family offense petition to the Supreme Court, Nassau County, to consolidate it with this matrimonial action, and to modify the stipulation of settlement and judgment of divorce so as to award her sole legal and residential custody of the child. By notice of motion dated November 11, 2019, the defendant moved in the Family Court, Suffolk County, to dismiss the family offense petition and to vacate the temporary order of protection. The defendant maintained that the stipulation of settlement permitted her to enter the home to remove her belongings and by filing the family offense petition, the plaintiff sought to prejudice her before the Character and Fitness Committee. By order dated January 2, 2020, the Family Court granted the defendant's motion to dismiss the family offense petition.
On or about January 7, 2020, the plaintiff filed a petition in the Family Court, Nassau County, to modify the custody and parental access provisions of the stipulation of settlement and judgment of divorce. The defendant then moved in the Supreme Court, Nassau County, inter alia, to remove the plaintiff's modification proceeding to the Supreme Court and, again, to modify the stipulation of settlement and judgment of divorce so as to award her sole legal and residential custody of the child. By stipulation of the parties dated January 31, 2020, the Family Court proceeding was removed to the Supreme Court. On or about February 13, 2021, the plaintiff cross-moved in the Supreme Court to modify the stipulation of settlement and judgment of divorce so as to award him sole legal and residential custody of the child or, in the alternative, for expanded parental access with the child. On or about March 9, 2020, the plaintiff filed an emergency order to show cause for permission to register the child with a new hockey team. The defendant, in opposition, cited to an incident where the plaintiff screamed and cursed at another child on their child's hockey team, and was no longer permitted to coach the team. By notice of cross motion dated March 17, 2020, the defendant cross-moved pursuant to 22 NYCRR 130-1.1 for an award of attorney's fees and/or sanctions. By notice of motion dated July 13, 2020, the plaintiff moved for permission to act as coach or assistant coach for the child's hockey team.
In an order dated September 21, 2020, the Supreme Court, without a hearing, concluded that "neither party has established a substantial change in circumstances warranting an award of sole custody to either parent." The court, in effect, granted that branch of the defendant's motion which was to modify the stipulation of settlement and judgment of divorce so as to award her sole legal custody of the child to the extent of awarding her final decision-making authority in the event that the parties could not agree on a major child-related issue. The court denied the plaintiff's cross motion to modify the stipulation of settlement and judgment of divorce so as to [*3]award him sole legal and residential custody of the child or, in the alternative, for expanded parental access with the child. The court granted the defendant's cross motion pursuant to 22 NYCRR 130-1.1 for an award of attorney's fees and/or a sanctions to the extent of awarding her the sum of $20,000. The plaintiff and the child separately appeal.
"In order to modify an existing court-sanctioned custody agreement, there must be a showing of a subsequent change in circumstances so that modification is required to protect the best interests of the child" (Heffer v Krebs, 196 AD3d 684, 686 [internal quotation marks omitted]; see Henrie v Henrie, 163 AD3d 927, 928; Gentile v Gentile, 149 AD3d 916, 918). "Custody determinations should generally be made only after a full and plenary hearing" (Palazzola v Palazzola, 188 AD3d 1081, 1082). However, "[a] parent seeking a change of custody is not automatically entitled to a hearing. Rather, a parent must make some evidentiary showing of a change in circumstances demonstrating a need for a change of custody in order to insure the child's best interests" (Matter of Renner v Renner, 194 AD3d 822, 822 [internal quotation marks omitted]; see Henrie v Henrie, 163 AD3d at 928). "While the general right to a hearing in custody and visitation cases is not absolute, where 'facts material to the best interest analysis, and the circumstances surrounding such facts, remain in dispute,' a hearing is required" (Palazzola v Palazzola, 188 AD3d at 1082, quoting S.L. v J.R., 27 NY3d 558, 564).
The Supreme Court erred by, in effect, granting, without a hearing, that branch of the defendant's motion which was to modify the parties' stipulation of settlement and judgment of divorce so as to award her sole legal custody of the child to the extent of awarding her final decision-making authority as to any major child-related issue about which the parties could not agree, and denying that branch of the plaintiff's cross motion which was to modify the stipulation of settlement and judgment of divorce so as to award him sole legal custody. "'[A] court may grant relief that is warranted by the facts plainly appearing on the papers on both sides, if the relief granted is not too dramatically unlike the relief sought, the proof offered supports it, and there is no prejudice to any party'" (Robinson v Big City Yonkers, Inc., 179 AD3d 961, 963, quoting Frankel v Stavsky, 40 AD3d 918, 918-919; see Clair v Fitzgerald, 63 AD3d 979, 980). Although the plaintiff contends that the court ruled sua sponte, the court had before it motions by both parties seeking sole legal custody. There can be no question that the award of final decision-making authority is not "dramatically unlike" the relief requested, as decision making is part and parcel to legal custody. However, we agree that the court erred in granting this award without a hearing. The court's determination that "neither party has established change in circumstances warranting an award of sole custody to either parent" is incongruous with the court's determination to award the defendant final decision-making authority. Since it appears that the court believed that the parties made an evidentiary showing of a change in circumstances demonstrating a need for a change of decision-making authority to ensure the child's best interests, a hearing on that issue was required (see Palazzola v Palazzola, 188 AD3d at 1082).
The Supreme Court also erred in determining that the plaintiff failed to make the requisite showing of a change in circumstances sufficient to warrant a hearing on the question of whether he should be awarded expanded parental access with the child (see Castro v Kaminski, 197 AD3d 609; Matter of Jackson v Shands, 191 AD3d 675; Katsoris v Katsoris, 178 AD3d 794, 796). Notwithstanding the defendant's contention that it is only the plaintiff's desire for increased parental access, the child conveyed a wish to his attorney for an additional overnight with the plaintiff and for equal vacation time in the summer. Here, the record shows that there are disputed factual issues regarding the child's best interests such that a hearing on modification of parental access was required (see Castro v Kaminski, 197 AD3d at 609; Katsoris v Katsoris, 178 AD3d at 796).
Accordingly, we remit the matter to the Supreme Court, Nassau County, for a hearing on that branch of the defendant's motion which was for sole legal custody of the child and on those branches of the plaintiff's cross motion which were for sole legal custody of the child, or in the alternative, for expanded parental access with the child, and new determinations thereafter.
Finally, given plaintiff's conduct in unnecessarily prolonging the litigation by filing numerous motions to which the defendant was made to respond, the Supreme Court did not [*4]improvidently exercise its discretion in granting the defendant's motion pursuant to 22 NYCRR 130-1.1 for an award of attorney's fees and/or sanctions, to the extent of awarding her the sum of $20,000 (see Meara v Meara, 104 AD3d 916; Quinn v Quinn, 73 AD3d 887).
RIVERA, J.P., MILLER, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court