Stolzenberg v Stolzenberg (2022 NY Slip Op 05554)

Stolzenberg v Stolzenberg

2022 NY Slip Op 05554

Decided on October 5, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 5, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
WILLIAM G. FORD, JJ.

2021-00443
 (Index No. 800515/20)

[*1]Suzanne Stolzenberg, respondent,
v
Steven Stolzenberg, appellant.

Sakol & Weiss, Mineola, NY (Saltzman Chetkof & Rosenberg, LLP [Lee Rosenberg and Neelam B. Bhagrath], of counsel), for appellant.
Mejias, Milgrim, Alvarado & Lindo, P.C., Glen Cove, NY (David L. Mejias, Randi L. Milgrim, and Jamie R. Stein of counsel), for respondent.
Kellie M. Stabile, Garden City, NY, attorney for the child.

DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment dated July 12, 2019, the defendant appeals from an order of the Supreme Court, Nassau County (Joseph H. Lorintz, J.), dated November 27, 2020. The order, insofar as appealed from, without a hearing, granted that branch of the plaintiff's motion which was to direct that the parties commence the regular access schedule of parenting time set forth in the parties' stipulation of settlement dated June 13, 2019, which was incorporated but not merged into the judgment of divorce.
ORDERED that the order is reversed insofar as appealed from, on the law, and the matter is remitted to the Supreme Court, Nassau County, for an expedited hearing on that branch of the plaintiff's motion which was to direct that the parties commence the regular access schedule of parenting time set forth in the parties' stipulation of settlement dated June 13, 2019, which was incorporated but not merged into the judgment of divorce, and a new determination thereafter; and it is further,
ORDERED that pending the expedited hearing and new determination, the regular access schedule of parenting time set forth in the parties' stipulation of settlement dated June 13, 2019, which was implemented pursuant to the order of the Supreme Court dated November 27, 2020, shall remain in effect subject to further order of the Supreme Court; and it is further,
ORDERED that one bill of costs is awarded to the appellant.
The parties were married on August 6, 2009. There is one child of the marriage. The plaintiff commenced an action for divorce and ancillary relief in 2018. The parties entered into a stipulation of settlement dated June 13, 2019, which was incorporated but not merged into the parties' judgment of divorce dated July 12, 2019. The stipulation of settlement provided, inter alia, that the defendant would have sole legal custody and primary residential custody of the child.
The stipulation further provided that the parties acknowledged that the relationship [*2]between the plaintiff and the child was strained, that it was their intention to work towards, and to ensure that, the relationship healed and moved forward in a healthy and safe manner, and that it was in the child's best interests to facilitate a regular and holiday access schedule between the plaintiff and the child. The parties agreed that they would be guided by the recommendations of a clinician appointed to work with the plaintiff and the child at Kids in Common as to the timing and the implementation of the regular access schedule as set forth in the stipulation of settlement, recognizing that the same could be implemented in stages and over a period of time. Specifically, the stipulation of settlement provided that the plaintiff's visits would be supervised until Kids in Common advised that there was "no longer a need for such supervision and that the Child is ready for a fully normalized schedule or as directed by Court Order," and at that time, it was the intention of the parties that the plaintiff have access to the child as set forth in the regular access schedule of parenting time, which included access on alternate weekends from Friday evening to Sunday evening, for one midweek dinner in alternate weeks, and during stated holidays and vacations.
In June 2020, the plaintiff moved, inter alia, to direct that the parties commence the regular access schedule of parenting time between the plaintiff and the child set forth in the stipulation of settlement. The Supreme Court, without a hearing, granted that branch of the plaintiff's motion. The defendant appeals.
In considering questions of child custody or parental access, a court must make every effort to determine "what is for the best interest of the child, and what will best promote its welfare and happiness" (Domestic Relations Law § 70[a]; see Eschbach v Eschbach, 56 NY2d 167, 171; Matter of Georgiou-Ely v Ely, 194 AD3d 715, 716). Such determinations should "[g]enerally be made only after a full and plenary hearing and inquiry" (S.L. v J.R., 27 NY3d 558, 563 [internal quotation marks omitted]; see Obey v Degling, 37 NY2d 768, 770). Here, the Supreme Court should have conducted an evidentiary hearing prior to directing that the regular access schedule as set forth in the parties' stipulation of settlement be implemented immediately. Although the court based its determination on information contained in the parties' applications, reports from Kids in Common, and statements from counsel for the parties and the attorney for the child during multiple conferences, Kids in Common had not yet advised that the child was ready for a fully normalized access schedule, and a decision regarding child custody and/or parental access should be based on admissible evidence (see S.L. v J.R., 27 NY3d at 564; Palazzola v Palazzola, 188 AD3d 1081, 1083). Where, as here, facts material to a determination of what parental access is in the best interests of the child remain in dispute, a hearing is required (see S.L. v J.R., 27 NY3d at 564; Matter of Corcoran v Liebowitz, 189 AD3d 1579, 1581; Palazzola v Palazzola, 188 AD3d at 1083).
BRATHWAITE NELSON, J.P., CHAMBERS, WOOTEN and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court