Matter of Liang v O'Brien (2023 NY Slip Op 02789)

Matter of Liang v O'Brien

2023 NY Slip Op 02789

Decided on May 24, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 24, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2022-01311
 (Docket No. V-5111-13)

[*1]In the Matter of Solan Liang, appellant,
v
Sean T. O'Brien, respondent.

The Law Office of Towers & Associates, P.C., Brooklyn, NY (Geanine Towers of counsel), for appellant.
Kenneth M. Tuccillo, Hastings-on-Hudson, NY, for respondent.
Karen P. Simmons, Brooklyn, NY (Eva D. Stein and Janet Neustaetter of counsel), attorney for the children.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Kings County (Javier E. Vargas, J.), dated February 10, 2022. The order, without a hearing, dismissed the mother's petition to modify an order of the same court (Michael L. Katz, J.) dated September 24, 2013, made on consent of the parties, so as to award her sole physical custody of the subject children and final decision-making authority.
ORDERED that the order dated February 10, 2022, is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Kings County, for further proceedings consistent herewith.
The mother and the father, who were never married, have two children together. Pursuant to an order dated September 24, 2013 (hereinafter the consent order), made on consent of the parties, the mother and the father were awarded joint legal and physical custody of the children. In April 2021, the mother filed a petition to modify the consent order so as to award her sole physical custody of the children and final decision-making authority. By order dated February 10, 2022, the Family Court dismissed the mother's petition, without a hearing. The mother appeals, and we reverse.
In order to modify an existing custody arrangement, there must be a showing of a subsequent change in circumstances so that modification is required to protect the best interests of the children (see Matter of Dubouse v Narita, 214 AD3d 798, 799; Matter of Gagos v Delsalto, 213 AD3d 761; Matter of Barrow v Carcaterra, 210 AD3d 889, 890). The required change in circumstances may be found to exist where the parties' relationship has deteriorated to a point where there is no meaningful communication or cooperation for the sake of the children (see Matter of Robinson v Mustakas, 214 AD3d 880, 881; Matter of Anthony JJ. v Angelin JJ., 211 AD3d 1394, 1395; Matter of Rosen v Rosen, 162 AD3d 1283, 1284).
Custody determinations should generally be made only after a full and plenary hearing (see O'Mahoney v O'Mahoney, 206 AD3d 819, 820; Silla v Silla, 200 AD3d 1091, 1092; Trazzera v Trazzera, 199 AD3d 855, 858). However, a party seeking a change in custody is not automatically entitled to a hearing, but must make an evidentiary showing of a change in circumstances sufficient [*2]to warrant a hearing (see Matter of Gayle v Muir, 211 AD3d 942, 943; Matter of Blackman v Barge, 207 AD3d 537, 538). Before subjecting children and their parents to additional litigation, courts require that, before a full hearing is ordered, the parent seeking a change of custody must make an evidentiary showing of a change in circumstances demonstrating a need to conduct a full hearing into whether a change of custody is appropriate in order to insure the children's best interests (see Matter of Dubouse v Narita, 214 AD3d at 799; Matter of Parascondola v Romano, 213 AD3d 768, 769; Matter of Newton v McFarlane, 174 AD3d 67, 77-78).
Here, the mother's petition contained allegations that were sufficiently specific to warrant a hearing, including the allegations that the parties' ability to cooperate with each other with respect to the children had deteriorated and that the parties were no longer capable of communicating with each other in a civil and cooperative manner (see Matter of Klotz v O'Connor, 124 AD3d 662, 663; Matter of O'Connor v Klotz, 124 AD3d 666, 666). Those allegations were not before the Family Court on a prior occasion, and were not merely conclusory or nonspecific allegations (cf. Matter of Alphonse v Alphonse, 189 AD3d 1028, 1029; Matter of Chichra v Chichra, 148 AD3d 883, 884). Because facts material to the best interest analysis, and the circumstances surrounding such facts, remain in dispute, a hearing is required (see S.L. v J.R., 27 NY3d 558, 564; Matter of McCabe v Truglio, 214 AD3d 811, 812; Castro v Kaminski, 197 AD3d 609, 611).
Furthermore, contrary to the Family Court's determination and the father's contention, the mother was not required to seek the advice of a parent coordinator as a condition precedent to filing her petition for a modification, as the consent order does not require the parties to do so.
Accordingly, we reverse the order, reinstate the petition, and remit the matter to the Family Court, Kings County, for further proceedings consistent herewith.
BARROS, J.P., MALTESE, WARHIT and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court