Matter of Henderson v Henderson (2024 NY Slip Op 04771)

Matter of Henderson v Henderson

2024 NY Slip Op 04771

Decided on October 2, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
LARA J. GENOVESI
LILLIAN WAN, JJ.

2023-05245
2023-05611
 (Docket Nos. V-4141-22/22A, V-4141-22/23B)

[*1]In the Matter of Amanda Henderson, appellant,
v
Michael Henderson, respondent.

Samuel S. Coe, White Plains, NY, for appellant.
Kathleen L. Bloom, New Windsor, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from two orders of the Family Court, Orange County (Christine P. Krahulik, J.), both dated May 8, 2023. The first order, after a hearing, dismissed the mother's petition to enforce the custody and parental access provisions of a separation agreement dated March 1, 2022, which was incorporated but not merged into a judgment of divorce dated March 30, 2022. The second order dismissed, without a hearing, the mother's petition to modify the custody and parental access provisions of the separation agreement. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which he moves for leave to withdraw as counsel for the appellant.
ORDERED that the motion of Samuel S. Coe for leave to withdraw as counsel for the appellant is granted, and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,
ORDERED that Kelli M. O'Brien, P.O. Box 562, Goshen, NY 10924, is assigned as counsel to prosecute the appeals; and it is further,
ORDERED that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion, and the respondent and the attorney for the child shall serve and file their briefs within 30 days after the brief on behalf of the appellant
is served and filed. By order on certification of this Court dated September 27, 2023, the appellant was granted leave to prosecute the appeals as a poor person, with the appeals to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties. The parties and the attorney for the child are directed to upload, through the digital portal on this Court's website, digital copies of their respective briefs, with proof of service of one hard copy on each other (see 22 NYCRR 670.9[a]).
The mother and the father have one child together, born in 2012. The parties were divorced by a judgment dated March 30, 2022. The judgment of divorce incorporated, but did not merge, a separation agreement dated March 1, 2022, pursuant to which the parties agreed to joint legal and residential custody of the child. The parties also agreed to raise the child nondenominational and that they would immediately inform the other if the child was sick or taken out of school due to illness. Further, the separation agreement provided that the parties would provide each other with vacation itineraries one week before the vacation, and that proposals [*2]regarding the child's extracurricular activities would be discussed 14 days prior to the parties making a decision.
In August 2022, the mother filed a petition to enforce the custody and parental access provisions of the separation agreement. In her petition, the mother asserted, inter alia, that she was not notified that the child was sick and taken out of school by the father, that the child was enrolled in summer camps and religious education programs without the mother's knowledge, and that the father failed to provide an itinerary for a vacation with the child. The mother thereafter filed a petition to modify the custody and parental access provisions of the separation agreement. The mother asserted the same grounds as set forth in the petition to enforce the separation agreement.
After a hearing on the petition to enforce the custody and parental access provisions of the separation agreement, in two separate orders, both dated May 8, 2023, the Family Court dismissed the mother's petitions. The mother appeals.
The mother's assigned counsel has submitted a brief in accordance to Anders v California (386 US 738), seeking leave to withdraw as counsel. While we are satisfied with the sufficiency of the brief filed by assigned counsel, upon this Court's independent review of the record, we conclude that nonfrivolous issues exist, including, but not limited to, whether the Family Court's determination that the father did not violate the separation agreement is supported by the record and whether a hearing was warranted to determine whether a modification of the custody and parental access provisions of the separation agreement was proper (see Trazzera v Trazzera, 199 AD3d 855, 859; Matter of Parsons v Kapp, 174 AD3d 617, 618). Accordingly, the assignment of new counsel is warranted (see Matter of Moore v Glasper, 209 AD3d 740, 741-742; Matter of Rodriguez v Sabbat, 177 AD3d 889, 890).
CONNOLLY, J.P., CHAMBERS, GENOVESI and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court