Matter of Sanna v Delong (2025 NY Slip Op 02922)

Matter of Sanna v Delong

2025 NY Slip Op 02922

Decided on May 14, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
DEBORAH A. DOWLING
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2023-09255
2023-09495
 (Docket Nos. V-268-23/23A, V-268-23/23C)

[*1]In the Matter of Domenico N. Sanna, appellant,
v
Danielle J. Delong, respondent.

Thomas T. Keating, Dobbs Ferry, NY, for appellant.
Carol Kahn, New York, NY, for respondent.
Michael J. O'Connor, Poughkeepsie, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from two orders of the Family Court, Dutchess County (Tracy C. MacKenzie, J.), both dated August 15, 2023. The first order, without a hearing, dismissed the father's amended petition to modify an order of the Supreme Court, Westchester County (Susan M. Capeci, J.), dated September 13, 2016, made on consent of the parties, so as to award the parties joint legal and physical custody of the parties' child. The second order, without a hearing, dismissed the father's petition alleging a violation of the order dated September 13, 2016.
ORDERED that the orders dated August 15, 2023, are reversed, on the law, without costs or disbursements, the father's petitions are reinstated, and the matter is remitted to the Family Court, Dutchess County, for a hearing in accordance herewith and a new determination thereafter of the father's petitions.
The parties are the parents of one child, born in 2014. Pursuant to an order dated September 13, 2016 (hereinafter the custody order), made on consent of the parties, the mother was awarded sole legal and physical custody of the child and the father was awarded certain parental access.
In January 2023, the father petitioned to modify the custody order so as to award the parties joint legal and physical custody of the child based on an alleged change in circumstances. On the same day, the father filed a violation petition alleging that mother had violated the custody order. In June 2023, the father filed an amended modification petition alleging a new change in circumstances. In an order dated August 15, 2023, the Family Court dismissed the father's amended modification petition. In a second order dated August 15, 2023, the court dismissed the father's violation petition. The father appeals.
"'Where modification of an existing custody order is sought, the petitioner must make a showing that there has been a change in circumstances such that modification is necessary to protect the best interests of the child'" (Matter of Laureano v Wagner, 149 AD3d 745, 945, quoting [*2]Matter of Pena v Lopez, 140 AD3d 967, 968; see Matter of Gonzalez v Santiago, 167 AD3d 887, 889). "Custody determinations should generally be made only after a full and plenary hearing" (Matter of Liang v O'Brien, 216 AD3d 1101, 1101; see Matter of Merchant v Caldwell, 198 AD3d 782, 783). "However, a party seeking a change in custody is not automatically entitled to a hearing, but must make an evidentiary showing of a change in circumstances sufficient to warrant a hearing" (Matter of Liang v O'Brien, 216 AD3d at 1102; see Matter of Edem v Wondemagegehu, 199 AD3d 795, 796).
Here, the Family Court improperly dismissed, without a hearing, the father's amended modification petition and violation petition. Contrary to the court's determination, the father's assertions, which were supported by the requisite threshold evidentiary showing, demonstrated factual issues so as to require a hearing on the issue of whether the existing parental access arrangement continued to serve the child's best interests (see Matter of LaPera v Restivo, 202 AD3d 788, 790; Matter of Vazquez v Bahr, 193 AD3d 946, 947; Palazzola v Palazzola, 188 AD3d 1081, 1082). Among other things, the father sufficiently alleged that since the custody order was issued, he has achieved seven years of sobriety. Moreover, the father sufficiently alleged that the mother made a statement, which she does not deny making, with the intent or effect of estranging the child from, or creating resentment towards, the father in violation of the custody order. The issue of whether the intent or subsequent effect of the statement constituted a violation of the custody order should have been resolved at a hearing (see Matter of Pedicini v Hull, 223 AD3d 672, 674; Matter of Shimunov v Davydov, 179 AD3d 812, 813).
Accordingly, we remit the matter to the Family Court, Dutchess County, for a new determination of the father's petitions following a hearing (see Matter of Pedicini v Hull, 223 AD3d at 674).
MILLER, J.P., DOWLING, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court