Matter of Farco v Farco (2026 NY Slip Op 00771)

Matter of Farco v Farco

2026 NY Slip Op 00771

Decided on February 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
LOURDES M. VENTURA
SUSAN QUIRK, JJ.

2024-13304
2024-13305
 (Docket Nos. V-609-23/24C, V-609-23/24D)

[*1]In the Matter of Joseph A. Farco, appellant,
vLauren M. Farco, respondent.

Joseph A. Farco, Massapequa Park, NY, appellant pro se.
Law Offices of Marc H. Stein, P.C., Huntington Station, NY, for respondent.
Wayne T. Marks, Setauket, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from (1) an order of the Family Court, Nassau County (Darlene D. Harris, J.), dated October 24, 2024, and (2) an order of dismissal of the same court also dated October 24, 2024. The order, insofar as appealed from, prohibited the father from filing any additional petitions relating to custody and parental access without first obtaining prior written permission from the Family Court. The order of dismissal, insofar as appealed from, without a hearing, dismissed the father's petition to modify a so-ordered stipulation of settlement dated December 22, 2021, so as to award him sole legal and residential custody of the parties' child.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as prohibited the father from filing any additional petitions relating to custody or parental access without first obtaining prior written permission from the Family Court is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see Family Ct Act § 1112[a]); and it is further,
ORDERED that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, without costs or disbursements; and it is further,
ORDERED that the order of dismissal is reversed insofar as appealed from, on the law, without costs or disbursements, the father's petition is reinstated, and the matter is remitted to the Family Court, Nassau County, for a hearing in accordance herewith and a new determination thereafter of the father's petition.
The parties were divorced by a judgment entered March 5, 2019, which incorporated, but did not merge, a stipulation of settlement of the parties dated May 22, 2018 (hereinafter the 2018 stipulation). Pursuant to the 2018 stipulation, the parties would share joint legal custody of their child, and the father would have primary residential custody. In July 2019, the father moved to modify the 2018 stipulation, and the mother cross-moved to modify the 2018 stipulation. By stipulation of settlement, which was so-ordered on December 22, 2021, the 2018 stipulation was [*2]modified (hereinafter the 2021 order).
In September 2024, the father filed the instant petition to modify the 2021 order so as to award him sole legal and residential custody of the child, and the mother filed a cross-petition to modify the 2021 order so as to award her increased parental access and greater decision-making authority. Thereafter, the father moved to dismiss the mother's cross-petition, to impose sanctions upon the mother, and to prohibit her from filing any additional custody enforcement or modification petitions. In an order dated October 24, 2024, the Family Court, inter alia, prohibited the father from filing any additional petitions relating to custody or parental access without first obtaining prior written permission from the court. In an order of dismissal also dated October 24, 2024, the court, among other things, without a hearing, dismissed the father's petition. The father appeals.
The Family Court improvidently exercised its discretion in prohibiting the father from filing any additional petitions relating to custody or parental access without first obtaining prior written permission from the court. "While public policy generally mandates free access to the courts" (Matter of Stones v VanDenberge, 167 AD3d 909, 910; see Board of Educ. of Farmingdale Union Free School Dist. v Farmingdale Classroom Teachers Assn., Local 1889, AFT AFL-CIO, 38 NY2d 397, 404), "a party may forfeit that right if he or she abuses the judicial process by engaging in meritless litigation motivated by spite or ill will" (Matter of Wieser v Wieser, 83 AD3d 950, 950; see Matter of Unger v Koren Ha, 234 AD3d 783, 785). Under the circumstances presented here, the father did not abuse the judicial process by filing the petition to modify the 2021 order, as there is no basis in the record to demonstrate that the father filed frivolous motions or petitions or filed motions or petitions out of ill will or spite (see Matter of Genao-Archibald v Archibald, 208 AD3d 1185, 1187; Matter of Stones v VanDenberge, 167 AD3d at 910; Matter of Price v Jenkins, 99 AD3d 915, 915). Furthermore, the father's motion, inter alia, to dismiss the mother's cross-petition did not contradict his petition for modification (see Matter of Stefas v Sierra, 90 AD3d 762, 763-764).
"Modification of a court-approved stipulation setting forth the terms of custody or parental access is permissible only upon a showing that there has been a sufficient change in circumstances such that modification is necessary to ensure the best interests and welfare of the child" (Matter of Burke v Squires, 202 AD3d 784, 785; see Matter of Fiore v Gima, 227 AD3d 1071, 1073). "The paramount concern when making such a determination is the best interests of the child under the totality of the circumstances" (Matter of Shepherd v Mirukaj, 235 AD3d 769, 770; see Eschbach v Eschbach, 56 NY2d 167, 171). "Custody determinations should generally be made only after a full and plenary hearing" (Matter of Liang v O'Brien, 216 AD3d 1101, 1101). "Before subjecting children and their parents to additional litigation, courts require that, before a full hearing is ordered, the parent seeking a change of custody must make an evidentiary showing of a change in circumstances demonstrating a need to conduct a full hearing into whether a change of custody is appropriate in order to insure the child's best interests" (Matter of Newton v McFarlane, 174 AD3d 67, 76-77; see Matter of Liang v O'Brien, 216 AD3d at 1102).
Here, the Family Court improperly dismissed, without a hearing, the father's petition. The father's allegations, which were supported by the requisite threshold evidentiary showing, demonstrated factual issues so as to require a hearing on the issue of whether the 2021 order continued to serve the child's best interests (see Matter of Sanna v Delong, 238 AD3d 880, 881; Matter of McCabe v Truglio, 214 AD3d 811, 812; Chukwuemeka v Chukwuemeka, 207 AD3d 432, 434). Among other things, the father sufficiently alleged that since the 2021 order was issued, the mother's mental health had deteriorated such that the parties' existing custody arrangement may no longer be in the child's best interests (see Pettei v Pettei, 207 AD3d 670, 672), and the mother had willingly forfeited scheduled parental access time with the child (see Matter of Jean v Washington, 71 AD3d 1145, 1146). Because facts material to the best interests analysis and the circumstances surrounding such facts remain in dispute, a hearing is required (see S.L. v J.R., 27 NY3d 558, 564; Matter of Liang v O'Brien, 216 AD3d at 1102).
The mother's remaining contention is without merit.
Accordingly, we reverse the order of dismissal insofar as appealed from, reinstate the [*3]father's petition, and remit the matter to the Family Court, Nassau County, for a hearing and a new determination thereafter of the father's petition.
IANNACCI, J.P., FORD, VENTURA and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court